BARRIER GEOTECHNICAL CONTRACTORS, INC., PLAINTIFF v. RADFORD QUARRIES OF BOONE, INC., DEFENDANT

No. COA06-1401

(Filed 17 July 2007)

1. **Appeal and Error— appealability—denial of change of venue—possibility of inconsistent verdicts—substantial rights**

    Although the denial of motions for change of venue and to consolidate are generally not immediately appealable, the denials are immediately appealable in this case because: (1) the right to venue established by statute is a substantial right; and (2) a substantial right is affected in this case when the same factual issues would be present in both trials and the possibility of inconsistent verdicts on those issues exists.

742 IN THE COURT OF APPEALS

BARRIER GEOTECHNICAL CONTR'RS, INC. v. RADFORD QUARRIES OF BOONE, INC.

[184 N.C. App. 741 (2007)]

**2. Abatement— motion to consolidate actions—relation back rule**

The trial court did not abuse its discretion by denying defendant subcontractor's motion under N.C.G.S. § 1A-1, Rule 42 to consolidate this action with its action against plaintiff general contractor in a different county to enforce its claim of lien, because: (1) in North Carolina, where a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action; (2) although N.C.G.S. § 44A-10 causes the claim of lien to relate back to the first date defendant provided materials, it has nothing to do with the effective date of the action to enforce the claim; and (3) plaintiff's action, filed in Mecklenburg County, predates defendant's action filed in Watauga County, and thus the latter action is abated.

**3. Venue— denial of motion to change—necessary party— principal place of business**

The trial court did not err by denying defendant's motion for change of venue, because: (1) the only basis defendant claims for its basis to change venue is that Watauga County is a necessary party to its action to enforce its liens, and the county can no longer be deemed a necessary party to the action when that action has abated; and (2) Mecklenburg County was a proper venue under N.C.G.S. § 1-79(a)(1) when plaintiff stated its principal place of business is in Mecklenburg County.

Appeal by defendant from an order entered 28 July 2006 by Judge Timothy L. Patti in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 May 2007.

*Smith, Cooksey & Vickstrom, PLLC, by Neil C. Cooksey and Steven L. Smith, for plaintiff-appellee.*

*Sigmon, Clark, Mackie, Hutton, Hanvey, & Ferrell, P.A., by Warren A. Hutton and Nancy L. Huegerich, for defendant-appellant.*

HUNTER, Judge.

Radford Quarries of Boone, Inc. ("defendant") appeals from an order denying its motion for change of venue and motion to consolidate this action with another action pending against it in Watauga County. After careful review, we affirm.

BARRIER GEOTECHNICAL CONTR'RS, INC. v. RADFORD QUARRIES OF BOONE, INC.

[184 N.C. App. 741 (2007)]

Barrier Geotechnical Contractors, Inc. ("plaintiff"), entered into a contract with Watauga County to perform stream channel and slope stabilization services to certain pieces of real property in the county. The individual owners of the pieces of property had granted easements to the county to facilitate the project. Plaintiff then entered into a contract as general contractor with defendant as subcontractor to provide dirt for the projects. The contract was executed on 13 October 2005.

In early 2006, a dispute arose between plaintiff and defendant as to payments made under the contract. On 24 February 2006, defendant filed claims of lien in Watauga County against the real property; on 3 March 2006, plaintiff filed suit against defendant in Mecklenburg County alleging a variety of misdeeds, including breach of contract and fraud. Defendant filed an action to enforce its liens in Watauga County on 5 April 2006, and on 13 April 2006 filed motions in Mecklenburg County to, among other things, change venue and consolidate this action with its action for liens against plaintiff. These motions were denied, and defendant appeals.

[1] We first note that one general exception to the rule that the denial of motions for change of venue and to consolidate is interlocutory and not generally immediately appealable is where such denial affects a substantial right. *See* N.C. Gen. Stat. § 7A-27(d)(1) (2005). "[T]he 'right to venue established by statute is a substantial right,' the denial of which is 'immediately appealable.' " *Grant v. High Point Reg'l Health Sys.*, 172 N.C. App. 852, 854, 616 S.E.2d 688, 690 (2005) (quoting *Gardner v. Gardner*, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980)). In addition, "[a] substantial right is affected when '(1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists[,]' " which appears to be the case here. *In re Estate of Redding v. Welborn*, 170 N.C. App. 324, 328-29, 612 S.E.2d 664, 668 (2005) (quoting *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 735-36, 460 S.E.2d 332, 335 (1995)). The appeal of the denial of these motions is therefore properly before us.

I. Consolidation Motion

[2] Defendant made its motion to consolidate under Rule 42 of the North Carolina Rules of Civil Procedure, which states "when actions involving a common question of law or fact are pending in one division of the court, the judge may order a joint hearing or trial of any or

BARRIER GEOTECHNICAL CONTR'RS, INC. v. RADFORD QUARRIES OF BOONE, INC.

[184 N.C. App. 741 (2007)]

all the matters in issue in the actions; he may order all the actions consolidated[.]" N.C. Gen. Stat. § 1A-1, Rule 42 (2005).

"Whether or not consolidation of cases for trial, where permissible, will be ordered is in the discretion of the court." *Phelps v. McCotter*, 252 N.C. 66, 66, 112 S.E.2d 736, 737 (1960) (per curiam). Thus, defendant must not only show a clear abuse of discretion by the trial court in denying its motion, but must also "show injury or prejudice arising therefrom." *In re Moore*, 11 N.C. App. 320, 322, 181 S.E.2d 118, 120 (1971); *see also Markham v. Nationwide Mut. Fire Ins. Co.*, 125 N.C. App. 443, 448, 481 S.E.2d 349, 353 (1997) ("[a] trial court's ruling on a Rule 42 motion will not be reversed on appeal absent a manifest abuse of discretion. Indeed, when the trial court's failure to consolidate is assigned as error, the appellant must establish that it was injured or prejudiced") (citation omitted).

The parties agree that the two actions concern the same subject matter. Plaintiff claims that the two actions cannot be consolidated because its action, filed in Mecklenburg County, predates defendant's action filed in Watauga County, and thus the latter action is abated. We agree.

In North Carolina, our courts have made it clear that "where a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action." *Eways v. Governor's Island*, 326 N.C. 552, 558, 391 S.E.2d 182, 185 (1990). The question before us, therefore, is whether defendant's action does in fact predate plaintiff's.

Defendant filed its claim of lien in Watauga County on 24 February 2006. Plaintiff filed this action in Mecklenburg County on 3 March 2006. Defendant filed an action in Watauga County to enforce its liens on 5 April 2006. Defendant argues that the filing of the action in April relates back to the date of the filing of the claim of lien, and thus its action predates plaintiff's. This argument is without merit.

Defendant's argument skews the meaning of N.C. Gen. Stat. § 44A-10 (2005), which states "[a] claim of lien on real property . . . shall relate to and take effect from the time of the first furnishing of labor or materials at the site of the improvement by the person claiming the claim of lien on real property." *Id.* The statute thus causes the claim of lien (from 24 February) to relate back to the first date

BARRIER GEOTECHNICAL CONTR'RS, INC. v. RADFORD QUARRIES OF BOONE, INC.

[184 N.C. App. 741 (2007)]

defendant provided materials, but has nothing to do with the effective date of the action to enforce the claim. A lien is not an action; that is why the lien must be enforced by the filing of an action.

Plaintiff's action predates defendant's, and as such abates defendant's. The trial court was thus correct in denying defendant's motion to consolidate the two.

## II. Change of Venue Motion

**[3]** Defendant argues that venue should be changed to Watauga County because the county itself is a party to the lawsuit: The liens filed by defendant are filed against the county itself. This argument is without merit.

Plaintiff argues that the liens were invalid from the beginning because they concerned a public project. Regardless of whether this is true, however, the liens have been discharged and cancelled by a 26 May 2006 order of a Watauga County Superior Court, pursuant to N.C. Gen. Stat. § 44A-16(6) (2005) (stating that a claim of lien can be discharged by posting of a surety bond for an amount one and one-fourth times the amount of the claim).

The only basis defendant claims for its argument to change venue is that Watauga County is a necessary party to its action to enforce its liens. Because, as discussed above, that action is abated, the county can no longer be deemed a necessary party to the action, and this argument fails.

Per N.C. Gen. Stat. § 1-82 (2005), "the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement[.]" *Id.* In its complaint, plaintiff states that its principal place of business is in Mecklenburg County. Per statute, the residence of a domestic business for purposes of suing or being sued is the location of its principal place of business. N.C. Gen. Stat. § 1-79(a)(1) (2005). As such, Mecklenburg County was a proper venue, and the trial court's denial of the motion to change venue was not error.

## III. Conclusion

Because defendant's action initiated in Watauga County was abated and the county is not a necessary party to the action pending in Mecklenburg County, we affirm the trial court's order denying defendant's motions to consolidate and change venue.

Affirmed.

Judges ELMORE and GEER concur.