NO. COA13-975

NORTH CAROLINA COURT OF APPEALS

Filed:  4 March 2014

LARRY BARROW, LOIS BARROW, AND
DORIS MURPHREY,
    Plaintiffs,

    v.                                Greene County
                                      No. 12 CVS 140
D.A.N. JOINT VENTURE PROPERTIES OF
NORTH CAROLINA, LLC, CONNIE
MURPHREY AND DONALD STOCKS,
    Defendants.


    Appeal  by  D.A.N.  Joint  Venture  Properties  of  North

Carolina, LLC from orders entered 10 May 2013 and 15 May 2013 by

Judge Paul L. Jones in Greene County Superior Court.  Heard in

the Court of Appeals 6 January 2014.


    *White & Allen, P.A., by John P. Marshall and Ashley C.
    Fillippeli, for plaintiffs-appellees.*

    *Driscoll Sheedy, P.A., by Susan E. Driscoll, for defendant-
    appellant D.A.N. Joint Venture Properties of North
    Carolina, LLC.*

    *Miller & Audino, LLP, by Jeffrey L. Miller, for defendant-
    appellee Donald Stocks.*


    MARTIN, Chief Judge.


    D.A.N.  Joint  Venture  Properties  of  North  Carolina,  LLC

appeals  from  two  superior  court  orders  denying  D.A.N.  Joint

Venture's  motion  for  summary  judgment  and  granting  Larry

Barrow's, Lois Barrow's, Doris Murphrey's, and Donald Stocks's motions for summary judgment.

The facts relevant to appeal are that Larry Barrow, Lois Barrow, Doris Murphrey, Connie Murphrey, and Donald Stocks (guarantors) are all parties to a guaranty agreement guaranteeing notes issued by Wachovia Bank, N.A. to L.L. Murphrey Company. In 2000, L.L. Murphrey filed a Chapter 11 petition with the United States Bankruptcy Court for the Eastern District of North Carolina. At the time the petition was filed, L.L. Murphrey was in default on several Wachovia notes that were guaranteed by the guarantors. On 4 May 2001, L.L. Murphrey filed its Fourth Amended Plan of Reorganization with the bankruptcy court, which was later confirmed by the bankruptcy court in part because the "guarantors contributed $550,000 to [L.L. Murphrey] to make confirmation of its plan feasible."

The Plan of Reorganization divided L.L. Murphrey's Wachovia debts into two notes: Note A and Note B. Wachovia sold Note A and Note B to Cadlerock Joint Venture, L.P., which later sold the notes to D.A.N. Joint Venture. In addition to creating two notes, the Plan of Reorganization provided that the "guaranties will remain in full force and effect for the Notes except as adjusted to reflect the amount of Recapitalized Debt, defined

herein."

Because L.L. Murphrey and D.A.N. Joint Venture could not agree on the amount of the recapitalized debt, L.L. Murphrey filed a motion with the bankruptcy court to reopen the Chapter 11 case on 1 April 2011. L.L. Murphrey, Larry Barrow, Lois Barrow, and Doris Murphrey then filed an adversary proceeding,[1] before the bankruptcy court, against D.A.N. Joint Venture. In the adversary proceeding, Larry Barrow, Lois Barrow, and Doris Murphrey sought a declaration that the guarantors were contingently liable for only the amount of the recapitalized debt. They also requested an injunction requiring D.A.N. Joint Venture to stop demanding payment from L.L. Murphrey and the guarantors in excess of the amount of the recapitalized debt.

In an order entered on 16 December 2011, the bankruptcy court found that the amount of the recapitalized debt was $6,186,362. D.A.N. Joint Venture filed a motion with the bankruptcy court seeking reconsideration of the 16 December 2011 order, which was not a final order because it did not resolve all of the claims between the parties. The bankruptcy court granted D.A.N. Joint Venture's motion. On 10 May 2012, the

---

[1] An adversary proceeding is a "lawsuit that is brought within a bankruptcy proceeding, governed by special procedural rules, and based on conflicting claims." *Black's Law Dictionary* 58 (8th ed. 2004).

bankruptcy court issued a second order denying the claim for injunctive relief, because there was no showing of irreparable harm, and declaring that the liability of guarantors was capped at the amount of the recapitalized debt.

The present action was filed by Larry Barrow, Lois Barrow, and Doris Murphrey against D.A.N. Joint Venture, Connie Murphrey, and Donald Stocks in superior court after the 10 May 2012 bankruptcy court order was entered. Larry Barrow, Lois Barrow, and Doris Murphrey assert that they are entitled to a declaration that the expiration of the statute of limitations prevents D.A.N. Joint Venture from asserting any claims against the guarantors based on the guaranties. D.A.N. Joint Venture counterclaimed and crossclaimed that the guarantors were in breach of the guaranty agreements as modified by the Plan of Reorganization. The parties then filed cross-motions for summary judgment. D.A.N. Joint Venture appeals from the superior court's grant of Larry Barrow's, Lois Barrow's, Doris Murphrey's, and Donald Stocks's motions for summary judgment.

_____

On appeal, D.A.N. Joint Venture argues that the 10 May 2012 bankruptcy court order, which addressed the guarantors' liability under the Plan of Reorganization, precluded the trial

court from granting summary judgment on the grounds that the statute of limitations bars all claims asserted by D.A.N. Joint Venture against the guarantors based on the guaranties. We agree.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . any party is entitled to a judgment as a matter of law." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (internal quotation marks omitted). We apply a de novo standard of review when evaluating a trial court's grant of summary judgment. *Id.* Under de novo review, we "consider[] the matter anew and freely substitute [our] own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (internal quotation marks omitted).

To resolve this interjurisdictional preclusion issue, which involves the preclusive effect of a bankruptcy court order in superior court, we must first determine whether state or federal law applies. In *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506–09, 149 L. Ed. 2d 32, 41–43 (2001), the Supreme Court of the United States considered whether federal or state law controls the claim-preclusive effect of a federal-court judgment based on diversity jurisdiction in a later state-

court proceeding. From the outset, the Court noted that "[n]either the Full Faith and Credit Clause, U.S. Const., Art. IV, § 1, nor the full faith and credit statute, 28 U.S.C. § 1738, address the question. By their terms they govern the effects to be given only to state-court judgments." *Id.* at 506–07, 149 L. Ed. 2d at 41–42. Furthermore, there is "no other federal textual provision, neither of the Constitution nor of any statute, [that] addresses the claim-preclusive effect of a judgment in a federal diversity action," or "the claim-preclusive effect of a federal-court judgment in a federal-question case." *Id.* at 507, 149 L. Ed. 2d at 42. Federal-question cases, however, have a preclusive effect on later proceedings because the Court "has the last word on the claim-preclusive effect of *all* federal judgments," and requires that federal-question cases be given preclusive effect. *Id.* Federal common law, therefore, governs the claim-preclusive effect of federal-court judgments. *See id.* at 508, 149 L. Ed. 2d at 42.

In this case, defendant argues that the bankruptcy court order must be given preclusive effect. Therefore, we look to federal common law to determine the preclusive effect of the bankruptcy court order.[2]

---

[2] To assist in our determination of federal common law, we find

Because the terminology used to describe the preclusive effect of prior adjudications can be inconsistent, we begin by defining the terms. "*[R]es judicata* generally refers to the law of former adjudications," *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 n.5 (4th Cir. 1996), and "encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel." *Id.* at 1315. Both claim preclusion and issue preclusion apply to bankruptcy court orders. *See id.* ("The doctrine of *res judicata* applies in the bankruptcy context.").

Claim preclusion occurs when a suit——which arises from the *same* cause of action as a second suit——precludes relitigation in a second suit of matters actually decided and every claim that might have been raised in the first suit. *Id.* (citing *Nevada v. United States*, 463 U.S. 110, 129–30, 77 L. Ed. 2d 509, 524 (1983)). Issue preclusion on the other hand, applies when the first suit and the second suit involve *different* causes of action, but involve some of the same factual or legal issues. *Id.* In this situation, issue preclusion prevents relitigation, in the second suit, of the legal and factual issues actually and necessarily decided in the first suit. *See id.* Thus, the key

the common law of the Fourth Circuit Court of Appeals persuasive because it is the circuit in which the United States Bankruptcy Court for the Eastern District of North Carolina is located.

difference between claim and issue preclusion is whether the first suit and the second suit involve the same cause of action.

We believe that the adversary proceeding and the superior court proceeding involve the same cause of action and therefore consider whether claim preclusion applies to this case. Before addressing the requirements of claim preclusion, however, we must address whether claim preclusion applies to a declaratory judgment.

Generally, the preclusive effect of declaratory judgments is limited to matters "actually litigated by the parties and determined by a declaratory judgment." 18A Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4446 (2d ed. 2002). Thus, issue preclusion clearly applies to declaratory judgments. Federal courts, however, have consistently held that the general rule limiting the preclusive effect of declaratory judgments to issue preclusion "applies only if the prior action solely sought declaratory relief." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 164 (4th Cir. 2008). As a result, if a claimant seeks coercive relief, like an injunction, in addition to declaratory relief, then the claimant forfeits the ability to limit the preclusive effect of a declaratory judgment to issue preclusion.

*Id.* (quoting *Stericycle, Inc. v. City of Delavan*, 929 F. Supp. 1162, 1164 (E.D. Wis. 1996) (citing *Cimasi v. City of Fenton*, 838 F.2d 298, 299 (8th Cir. 1988) and *Mandarino v. Pollard*, 718 F.2d 845, 848 (7th Cir. 1983))). Accordingly, claim preclusion also applies to the bankruptcy court order in this instance because Larry Barrow's, Lois Barrow's, and Doris Murphrey's complaint in the adversary proceeding sought injunctive relief in addition to declaratory relief.

Claim preclusion applies to an adjudication when (1) a court of competent jurisdiction enters a final judgment on the merits; (2) there is a second suit involving the claimants or parties in privity with the claimants; and (3) the claims in the second suit are based on the same cause of action as the first suit or could have been asserted in the first suit. *Varat*, 81 F.3d at 1315; *Bockweg v. Anderson*, 333 N.C. 486, 492, 428 S.E.2d 157, 161 (1993). In this case, all three criteria are satisfied.

To analyze the first criterion for claim preclusion, we divide it into three subparts. Subpart one requires a court of competent jurisdiction. Subpart two requires a final judgment. Subpart three mandates that the final judgment be on the merits.

First, Larry Barrow, Lois Barrow, and Doris Murphrey assert

that the bankruptcy court was not a court of competent jurisdiction. They argue that the bankruptcy court lacked subject-matter jurisdiction over the claims asserted in the adversary proceeding because they were not core bankruptcy proceedings. While federal courts are courts of limited jurisdiction, federal courts have the power to decide whether they have jurisdiction; their determination of jurisdiction may be appealed, but it may not be collaterally attacked. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).

In the adversary proceeding, the 10 May 2012 bankruptcy court order stated:

> [T]his adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). . . . Matters related to interpreting or implementing a plan post-conformation are still considered "core" even in light of the Supreme Court's ruling in *Stern v. Marshall*, __ U.S. __, 131 S. Ct. 2594 (2011).

Furthermore, the bankruptcy court stated: "The provisions of this plan modifying guaranties are completely consistent with applicable law at the time of confirmation, particularly since 7 contributed $550,000 to the debtor to make confirmation of its plan feasible." Therefore, the bankruptcy court was a court of competent jurisdiction because it was conducting a core bankruptcy proceeding.

Next, Larry Barrow, Lois Barrow, and Doris Murphrey assert that the bankruptcy court could not issue a final order because the adversary proceeding involved a noncore proceeding that required the consent of the parties before the bankruptcy court could issue a final order. As discussed above, the bankruptcy court had subject-matter jurisdiction over the adversary proceeding because it was a core proceeding. The bankruptcy court, therefore, could issue a final judgment. *See Stern v. Marshall*, __ U.S. __, __, 180 L. Ed. 2d 475, 488 ("Bankruptcy judges may hear and enter final judgments in all core proceedings arising under title 11, or arising in a case under title 11." (internal quotation marks omitted)), *reh'g denied*, __ U.S. __, 180 L. Ed. 2d 924 (2011).

Not only did the bankruptcy court have the power to issue a final judgment but it entered a final judgment. "[A] judgment will ordinarily be considered final in respect to a claim . . . if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court." Restatement (Second) of Judgments § 13 cmnt.b (1982). The 10 May 2012 bankruptcy court order completed all steps in the adjudication of the adversary proceeding. This is clear from the order for two reasons. First, it disposed of

all of the claims between the parties. Second, one of the reasons the bankruptcy court granted the motion for reconsideration was for the purpose of entering an "indisputably final [order] for purposes of appeal." Therefore, the 10 May 2012 order is a final judgment.

Finally, "judgment on the merits" is a term of art that means a judgment was "'based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction or form.'" *In re Gilson*, 250 B.R. 226, 236 (Bankr. E.D. Va. 2000) (quoting *Fairmont Aluminum Co. v. Comm'r of Internal Revenue*, 222 F.2d 622, 625 (4th Cir. 1955)). There is no dispute that the bankruptcy court order was rendered on the merits. All parties to the adversary proceeding were able to appear before the bankruptcy court at a hearing on 21 November 2011, where they could raise issues and make legal arguments. Thus, the final judgment was on the merits because it was based on the parties' legal rights.

Next, we address whether the superior court suit involves the same claimants or those in privity with the claimants in the adversary proceeding. *See Varat*, 81 F.3d at 1315. In the adversary proceeding, L.L. Murphrey, Larry Barrow, Lois Barrow, and Doris Murphrey sued D.A.N. Joint Venture. In the superior

court proceeding, Larry Barrow, Lois Barrow, and Doris Murphrey sued D.A.N. Joint Venture and joined Connie Murphrey and Donald Stocks as defendants. However, for purposes of this appeal, Donald Stocks is treated the same as Larry Barrow, Lois Barrow, and Doris Murphrey for determining whether claim preclusion applies to the statute of limitations argument.

Larry Barrow, Lois Barrow, and Doris Murphrey asserted claims against D.A.N. Joint Venture in both proceedings, and claim preclusion should apply to them. Thus, the only issue is whether Donald Stocks is in privity with Larry Barrow, Lois Barrow, and Doris Murphrey.

Privity exists when a non-party to a former adjudication is "so identified in interest with a party to former litigation that [the non-party has] . . . precisely the same legal right in respect to the subject matter involved." *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005) (internal quotation marks omitted). That is, "the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." *Id.* (internal quotation marks omitted). As discussed earlier, Donald Stocks, Larry Barrow, Lois Barrow, and Doris Murphrey are all parties to a guaranty agreement and both lawsuits address

the liability of guarantors. Therefore, Donald Stocks is in privity with Larry Barrow, Lois Barrow, and Doris Murphrey because they share the same legal rights with respect to the guaranty agreements.

Finally, we must address whether the adversary proceeding and the superior court proceeding involve the same cause of action. *See Varat*, 81 F.3d at 1315. The Fourth Circuit, for the purpose of claim preclusion, has defined a cause of action as all claims that arise "out of the same transaction or series of transactions." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (internal quotation marks omitted). "Transaction" in this context "connotes a natural grouping or common nucleus of operative facts." *Id.* (internal quotation marks omitted).

We examine the adversary proceeding and the superior court proceeding to determine if the claims asserted or which could have been asserted in each case arise from a common nucleus of operative facts. In the adversary proceeding, Larry Barrow, Lois Barrow, and Doris Murphrey sought a declaration from the bankruptcy court that guarantors were contingently liable for only the amount of the recapitalized debt. Nothing precluded guarantors from asserting that they were absolved from liability

on statute of limitations grounds. The claim actually asserted in the adversary proceeding focused on how the Plan of Reorganization impacted the legal relationship between guarantors and D.A.N. Joint Venture. In fact, the bankruptcy court considered the language of the Plan of Reorganization in reaching its holding that guarantors were entitled to a declaration that "the liability of pre-petition guarantors is capped at the amount of the Recapitalized Debt."

In the superior court proceeding, Larry Barrow, Lois Barrow, and Doris Murphrey sought a declaration, and Donald Stocks relied on the affirmative defense, that the statute of limitations bars any claims that D.A.N. Joint venture might assert against guarantors based on the guaranty agreements. The logic of this argument is that the Plan of Reorganization required Wachovia to prepare new loan documents, which Wachovia apparently never prepared. As a result, they argue, that the only guaranty agreements are those executed before the Chapter 11 bankruptcy, and the statute of limitations bars enforcement of the guaranty agreements because Wachovia notified guarantors that they were in default under the guaranty agreements sometime prior to the filing of the Chapter 11 bankruptcy petition.

However, it is clear that the Plan of Reorganization has

some impact on the guaranty agreements because it states: "guaranties will remain in full force and effect for the Notes except as adjusted to reflect the amount of the Recapitalized Debt, defined herein." Thus, the central focus of Larry Barrow's, Lois Barrow's, Doris Murphrey's, and Donald Stocks's superior court arguments is how the Plan of Reorganization affected the legal relationship between guarantors and D.A.N. Joint Venture. This statute of limitations claim could have been asserted in the adversary proceeding. Consequently, the adversary proceeding and the superior court proceeding arise from the same cause of action because they both focus on how the Plan of Reorganization affects the legal relationship between guarantors and D.A.N. Joint Venture and the claims that were available to guarantors.

To summarize, claim preclusion applies to the 10 May 2012 bankruptcy court order because the claimants in the adversary proceeding asked for an injunction in addition to declaratory relief. Next, the bankruptcy court was a court of competent jurisdiction that issued a final judgment on the merits because there was a hearing concerning the substance of the legal issues in dispute between the parties on a core proceeding as well as an order disposing of all claims between claimants. Also, the

adversary proceeding and the superior court proceeding involved the guarantors asserting rights against D.A.N. Joint Venture, thus both cases involved the same claimants. Finally, both cases arose from the same cause of action because both cases focused on how the Plan of Reorganization impacts the relationship of guarantors and D.A.N. Joint Venture and nothing prevented guarantors from asserting their statute of limitations claim in the adversary proceeding. Therefore, Larry Barrow's, Lois Barrow's, and Doris Murphrey's failure to raise the statute of limitations issue during the adversary proceeding precludes us from now considering whether the statute of limitations prevents defendant from recovering from the guarantors.

Accordingly, we reverse the superior court's order and remand the case to the superior court for a determination of the amount of the guarantors' liability.

Reversed and remanded.

Judges ERVIN and McCULLOUGH concur.