ELMORE, Judge.
 

 *337
 
 Plaintiff argues on appeal that the trial court erred in failing to confirm an arbitration award upon plaintiff's motion. We agree. The trial court's order is reversed and the case remanded for entry of (1) an order confirming the arbitration award and (2) a judgment in conformity therewith.
 

 I. Background
 

 Karen W. Flynn (plaintiff) sued David Schamens, Piliana Schamens, Invictus Asset Management, LLC, Invictus Capital Growth & Income Fund, LLP, Invictus Income Fund, LLP, and Tradedesk Financial Group,
 
 *338
 
 Inc., (collectively, defendants) for alleged misconduct and misrepresentations related to investments made by plaintiff and the trust she managed into funds managed and controlled by defendants. The parties agreed to submit all claims to binding arbitration and stay court proceedings pending a resolution. In its decision and final award, the arbitrator found defendants jointly and severally liable to plaintiff for common law fraud, breach of fiduciary duty, and constructive fraud. Plaintiff was awarded damages totaling $2,107,090.79, plus interest.
 

 Plaintiff subsequently moved for confirmation of the award and entry of judgment in Mecklenburg County Superior Court. Defendants, in turn, filed a motion to vacate the award. On 27 January 2016, the trial court entered an order denying defendants' motion to vacate and, without explanation, declaring "moot" plaintiff's motion to confirm. Plaintiff moved to correct the order but the court ultimately declined to hear the motion because notice of the hearing was not timely.
 

 Plaintiff filed notice of appeal on 25 February 2016. On the hearing date, defendants moved to dismiss plaintiff's appeal, contesting jurisdiction based on improper service of the notice of appeal. After reviewing the record, we conclude that notice was properly given within the time and in the manner prescribed by our Rules of Appellate Procedure. We deny defendants' motion and address the merits of plaintiff's appeal.
 

 II. Discussion
 

 Plaintiff has the right to appeal the trial court's order pursuant to
 
 N.C. Gen. Stat. §§ 1-277
 
 (a) and 7A-27(b)(3) (2015) because the order "in effect determines the action, and prevents a judgment from which an appeal might be taken," or otherwise "discontinues the action."
 
 See also
 

 N.C. Gen. Stat. § 1-569.28
 
 (a)(3) (2015) ("An appeal may be
 
 *835
 
 taken from ... [a]n order confirming or denying confirmation of an award.").
 

 On appeal, plaintiff argues that the trial court was required to confirm the arbitration award following the denial of defendants' motion to vacate. When reviewing a trial court's decision to confirm or vacate an arbitration award, "we accept findings of fact that are not 'clearly erroneous' and review conclusions of law
 
 de novo
 
 ."
 
 Carpenter v. Brooks
 
 ,
 
 139 N.C.App. 745
 
 , 750,
 
 534 S.E.2d 641
 
 , 645 (2000) (citing
 
 First Options of Chicago, Inc. v. Kaplan
 
 ,
 
 514 U.S. 938
 
 , 947-48,
 
 115 S.Ct. 1920
 
 , 1926,
 
 131 L.Ed.2d 985
 
 , 996 (1995) );
 
 see also
 

 First Union Secs., Inc. v. Lorelli
 
 ,
 
 168 N.C.App. 398
 
 , 400,
 
 607 S.E.2d 674
 
 , 676 (2005).
 

 Upon a party's motion, a trial court must issue an order confirming an arbitration award unless the award is modified, corrected, or vacated.
 

 *339
 

 N.C. Gen. Stat. §§ 1-569.22
 
 , .23(d), .24(b) (2015). If and when the trial court issues an order confirming, modifying, or vacating an arbitration award, it must also "enter a judgment in conformity with the order."
 
 N.C. Gen. Stat. § 1-569.25
 
 (a) (2015). Case law interpreting the prior versions of these statutes has reached the same conclusion.
 
 See, e.g.
 
 ,
 
 Carteret Cnty. v. United Contractors of Kinston, Inc.
 
 ,
 
 120 N.C.App. 336
 
 , 346,
 
 462 S.E.2d 816
 
 , 823 (1995) ("[T]he court must confirm the award unless one of the statutory grounds for vacating or modifying the award exists." (citation omitted));
 
 FCR Greensboro, Inc. v. C & M Invs. of High Point, Inc.
 
 ,
 
 119 N.C.App. 575
 
 , 577,
 
 459 S.E.2d 292
 
 , 294 (1995) ("[T]he trial court must confirm the award unless grounds exist to either vacate or modify the award." (citation omitted)). And although the statutes were repealed and replaced by Session Law 2003-345, their substance has not changed.
 
 Compare
 

 N.C. Gen. Stat. § 1-569.22
 
 (2015) ("Upon motion of a party for an order confirming the award, the court shall issue a confirming order unless the award is modified or corrected ... or is vacated...."),
 
 with
 

 N.C. Gen. Stat. § 1-567.12
 
 (2001) ("Upon application of a party, the court shall confirm an award, unless ... grounds are urged for vacating or modifying or correcting the award....");
 
 N.C. Gen. Stat. § 1-569.23
 
 (d) (2015) ("If the court denies a motion to vacate an award, it shall confirm the award unless a motion to modify or correct the award ... is pending."),
 
 with
 

 N.C. Gen. Stat. § 1-567.13
 
 (d) (2001) ("If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award.");
 
 N.C. Gen. Stat. § 1-569.24
 
 (b) (2015) ("If a motion [to modify or correct the award] is granted, the court shall modify and confirm the award as modified or corrected. Otherwise, unless a motion to vacate is pending, the court shall confirm the award."),
 
 with
 

 N.C. Gen. Stat. § 1-567.14
 
 (b) (2001) ("If the application [to modify or correct the award] is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.").
 

 In this case, plaintiff filed a motion to confirm the arbitration award. Defendants in turn filed a motion to vacate, which was denied by the trial court. Defendants did not move to modify or correct the award, and there were no such motions pending before the court when it entered its order. If the court had granted defendants' motion to vacate, then plaintiff's motion to confirm would have been moot-but not
 
 vice versa
 
 .
 
 See
 

 In re Arbitration Between State and Davidson & Jones Constr. Co.
 
 ,
 
 72 N.C.App. 149
 
 , 152-53,
 
 323 S.E.2d 466
 
 , 469 (1984). Upon denying defendants' motion to vacate, therefore, the trial court was required to enter
 
 *340
 
 an order confirming the arbitration award and a judgment in conformity with the order.
 

 III. Conclusion
 

 We reverse the trial court's order and remand for entry of (1) an order confirming the arbitration award and (2) a judgment in conformity therewith.
 

 REVERSED AND REMANDED.
 

 Judges HUNTER, JR. and DILLON concur.