An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. 25-359

Filed 17 December 2025

Macon County, No. 24CV001476-550

BLACKROCK EQUESTRIAN RANCH LLC, Plaintiff,

v.

LANCE HARDIN and ANDREW RENFRO, Defendants.

Appeal by Plaintiff from order entered 12 December 2024 by Judge Tessa H. Sellers in Macon County Superior Court. Heard in the Court of Appeals 23 September 2025.

> *Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP, by Robin L. Tatum, for Plaintiff-Appellant.*
>
> *Jones, Key, Melvin & Patton, PA, by Fred H. Jones, for Defendants-Appellees.*

GRIFFIN, Judge.

Plaintiff Blackrock Equestrian Ranch, LLC, argues the trial court erred in using Rule 12(f) to strike its allegations related to trespass and injunctive relief. We hold we do not have jurisdiction and dismiss the appeal.

## I. Factual and Procedural Background

Plaintiff owns multiple parcels in an area of Macon County known as the

Horsecove Community. Several of the parcels are subject to a conservation easement maintained by Highlands-Cashiers Land Trust ("HCLT"). The other adjacent parcels owned by Plaintiff are not subject to the conservation easement. On 9 May 2024, HCLT filed a complaint against Plaintiff in Macon County Superior Court, file no. 24CVS000245-550 ("HCLT Action"), alleging multiple violations of the conservation easement by Plaintiff.[1] On 11 July 2024, Plaintiff filed an answer, denying the allegations and motioning to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Plaintiff also counterclaimed, alleging breach of contract of the conservation easement, breach of contract of the 30 Day Agreement between Plaintiff and HCLT, and trespass due to HCLT intentionally entering the conservation easement property without thirty-day notice and for entering the adjacent property not subject to the conservation easement. Plaintiff motioned for a temporary restraining order and preliminary injunction ordering HCLT to cease entering adjacent property not under the conservation easement and cease returning to the conservation easement property except in accordance with the conservation easement.

On 27 August 2024, Plaintiff filed a complaint, file no. 24CV001476-550,

---

[1] Plaintiff argues we should only review the trial order in this case and not any other decisions in other cases. While we generally keep our review to the case on appeal, here, the HCLT Action is applicable to our review as it is mentioned in the trial court's order on appeal and filings in the HCLT Action are included within the record in this case.

- 2 -

against Defendants, two employees of HCLT,[2] alleging trespass on Plaintiff's adjacent property not subject to the conservation easement on the same dates alleged in the HCLT Action, as well as invasion of privacy based on the alleged intentional entries onto Plaintiff's property. On the same date, Plaintiff also filed an amended counterclaim in the HCLT Action, adding a fourth claim of invasion of privacy. On 6 September 2024, Defendants filed a motion to dismiss the instant action pursuant to Rule 12(b)(6), "[o]n the grounds that the same facts, circumstances, issues and claims for relief are pending before this [c]ourt in the [HCLT Action,]" and pursuant to Rule 12(f), "on the grounds that the allegations . . . are entirely redundant to the allegations [in the HCLT Action] and that the sole purpose of the action appears to be to harass or intimidate [] Defendants." On 12 September 2024, Plaintiff filed a brief in opposition, arguing the 12(b)(6) motion should be denied because Plaintiff had "alleged sufficient factual allegations" and arguing the 12(f) motion was "likewise unsupportable because that Rule cannot be used to dismiss a case and there are no redundant allegations." The trial court held a motion hearing on 16 September 2024, which, in relevant part, included the following discussion,

> THE COURT: Give me just a moment to review, please. In 24-CV-001476-550, Blackrock Equestrian Ranch, LLC, versus Andrew Renfro and Lance Hardin, this matter is on for a motion to dismiss filed on behalf of [D]efendants, Mr. Lanes Hardin and Andrew Renfro. The [c]ourt reviewed the pleadings, the motions. The [c]ourt further reviewed

---

[2] Lance Hardin is HCLT's Executive Director, and Andrew Renfro is HCLT's Land Conservation Director.

the brief filed on behalf of [P]laintiff in response to the motion to dismiss as well as case law provided for the argument by [D]efendants. The [c]ourt will grant the motion to dismiss for the claim of invasion of privacy. In the [c]ourt's discretion, the [c]ourt will grant the motion to strike and allow the consolidation for pending actions in 24-CVS-000245-550.

. . . .

MR. COLLINS [Plaintiff's Counsel]: I have question. What is being consolidated? Is it the case at large?

THE COURT: Well, Mr. Jones has indicated and from what I see here, there is a possible action for trespass that could be consolidated into the original action.

MR. COLLINS: So what is going to be stricken?

. . . .

THE COURT: The [c]ourt will grant the motion to strike under Rule 12[(f)] based on the allegations in the complaint being contained in a prior pending action. And the purpose of such action would be to harass [D]efendants or intimidate [D]efendants at present. But if there are any outstanding claims in reference to those particular claims in 24-CVS-[000]245-550, those may be consolidated. Does that make sense, Mr. Collins?

MR. COLLINS: Bear with me. To the extent that case two has the same allegations of facts, is that what is going to be transferable?

THE COURT: It does appear that they're the same.

MR. COLLINS: Different -- well, one was that they were done individually and one that they were done on behalf of the corporation.

THE COURT: Same facts and circumstances, same dates

- 4 -

of offense.

MR. COLLINS: So to the extent that they're different allegations of facts, it will be transferable?

THE COURT: Yes. If you have a cause that would need to be included in 000245-550 in which those parties would need to be included individually, this does not preclude such from happening.

MR. COLLINS: Okay.

. . . .

MR. COLLINS: If the case individually against these individuals for trespass, if that is capable of consolidation with the first case, if that's doable, then will we need to replead and allege that this was done individually in the first case?

MR. JONES [Defendants' Counsel]: I think so.

THE COURT: Yes.

MR. COLLINS: Okay.

THE COURT: Yes. In other words, it doesn't preclude you from bringing a claim in the original action, but you are precluded in this particular action.

MR. COLLINS: Can we just consolidate that into the first one?

THE COURT: Well, at present what I've seen in the pleadings, it appears that they're identical.

MR. COLLINS: Well, we didn't allege it was done individually in the first one, this alternative pleading. So if I'm hearing you --

THE COURT: I'm not trying to put words in your mouth,

but are you asking at this point for both [D]efendants to be added as individual defendants in the action?

MR. COLLINS: That's right, Judge. Yes. We would so move.

THE COURT: Is that what you're asking?

. . . .

MR. COLLINS: Yes. The aim here, what I'm getting at is preserving claims individually with these individuals as to trespass and if it takes a motion to consolidate just those claims as to those facts that are shared to consolidate with the first.

THE COURT: I think the language that Mr. Jones indicated would suffice for such.

MR. JONES: I think we may be on a fine point, but I do think that as a result of the [c]ourt's order, there would be nothing left in the case that we are reviewing today.

THE COURT: That is correct.

MR. JONES: But counsel is -- and we acknowledge that it would be appropriate on proper motion for the individuals to be brought into the first case. I think Mr. Collins'[s] motion at the moment is to do that. I don't object.

THE COURT: You don't object to his motion at this point?

MR. JONES: No.

THE COURT: All right. So based on Mr. Collins'[s] oral motion in reference to [D]efendants, both Mr. Andrew Renfro and Lance Hardin as individual parties to said action in 24-CVS-000245-550, the [c]ourt in the [c]ourt's discretion will grant that they be added as parties.

MR. JONES: It may very well be that Mr. Collins should

prepare an order in the first action that accomplishes that reciting on verbal motion in hearing without objection. Is that satisfactory?

MR. COLLINS: Yes. It would be an order consolidating --

MR. JONES: No. Just an order adding parties.

THE COURT: Adding parties.

MR. COLLINS: Sure.

THE COURT: So if you will do an order in the first action, and I'm just going to use the last three numbers, 245, on your oral motion that was not objected to by [D]efendants' counsel, the [c]ourt granted in the [c]ourt's discretion. Mr. Jones, if you will do an order in the second case, and that file number is 476, granting your motions to dismiss in reference to the claim of invasion of privacy and motion to strike under 12[(f)] in reference to both defendants, present those to each other, I'll be happy to review them.

The 16 September 2024 motion hearing's minutes online entry from this hearing recorded the following, "Consolidate Case 24CVD000245-550 [(the HCLT Action).]"[3] Motion Hearing, No. 24CV001476-550 (Macon Cnty. Super. Ct. Sept. 16, 2024).

---

[3] Since the online portal and docket is not included in the record on appeal, we take judicial notice of the facts in the portal. "[A]ppellate courts may take judicial notice of their own filings in an interrelated proceeding. However, judicial notice of an interrelated proceeding is limited to proceedings with the same parties, the same issues, and the parties refer to the interrelated case in the case under consideration." *Lineberger v. N.C. Dep't of Correction*, 189 N.C. App. 1, 6, 657 S.E.2d 673, 677 (2008) (citing *West v. G.D. Reddick, Inc.,* 302 N.C. 201, 202, 274 S.E.2d 221, 223 (1981)). "Appellate courts may take judicial notice *ex mero motu* on 'any occasion where the existence of a particular fact is important. . . .' Facts which are either so notoriously true as not to be the subject of reasonable dispute or 'capable of demonstration by readily accessible sources of indisputable accuracy' are subject to judicial notice." *Id.* (quoting *West*, 302 N.C. at 203, 274 S.E.2d at 223). We deem the online docket and related entries available publicly via the North Carolina Judicial Branch's website to be a source of indisputable accuracy to suffice judicial notice. *See, e.g., State v. Watson*, 258 N.C. App. 347, 352, 812 S.E.2d 392, 396 (2018) (taking judicial notice of documents filed in federal courts

On 12 December 2024, the trial court entered the order on appeal making the

following findings and conclusions:

1. The allegations in this action with respect to trespass and injunctive relief are entirely redundant and duplicative of the allegations filed by Blackrock Equestrian Ranch, LLC ("Blackrock") against the Highlands-Cashiers Land Trust, Inc., ("HCLT") in case #24-CVS-000245-550, now pending in the Macon County Superior Court (the "pending action"). The attorneys for the parties in the subject action are the same attorneys for the parties in the "pending action."

2. In both actions Blackrock alleges that Lance Hardin and Andrew Renfro, the Defendants herein, are employees of HCLT and Blackrock's Brief in Opposition to Defendant's Motion to Dismiss acknowledges that the claims in the "pending action" are "based on the conduct of Hardin and Renfro . . . and are based on respondeat superior."

The trial court ordered the following:

1. Blackrock's cause of action for invasion of privacy is dismissed pursuant to Rule 12(b)(6);

2. The allegations of Blackrock's Complaint with respect to Trespass and its Motion for Temporary Restraining Order and Preliminary Injunction, in the discretion of

via the federal courts' online filing system Public Access to Court Electronic Records (PACER)); *West*, 302 N.C. at 203–04, 274 S.E.2d at 223 (taking judicial notice of a published opinion from this Court).

The online case portal with an online docket and other relevant entries for the case on appeal, Case No. 24CV001476-550, is publicly available at: https://portal-nc.tylertech.cloud/app/RegisterOfActions/#/615B7B93918C250100BBBCEBBFEA953FFE848B867A D155223051847C00F4380592D4873ACF5CDE31C272EED9BB02C2C9E15EF88A708E58D6E418E BC208346E4BC7AEAE523822C61DA4E4FBE0C5A445AB/anon/portalembed. The online case portal with an online docket and other relevant entries for the HCLT Action, Case No. 24CV00245-550, is publicly available at: https://portal-nc.tylertech.cloud/app/RegisterOfActions/#/5F51C6727BE12CD9095E8AFFBFAB836412E2F6E8AD D6D5BE51E4788D63EB059B2DB563B961CAD8AFE969BE3F10ED40693ED769BE8DBC16B12E2 CC0E556F2FA9E3ED01E51EDDAB79500B13E1FFAE420B9/anon/portalembed.

the [c]ourt, are hereby stricken pursuant to Rule 12(f)
of the North Carolina Rules of Civil Procedure;

3. To the extent that any allegations or claims for relief in
Blackrock's Complaint remain after application of this
Order, the Court orders that they shall be consolidated
with the "pending action", case #24-CVS-000245-550
(Macon County Superior Court);

4. The [c]ourt's Order is without prejudice to the oral
motion of Blackrock, consented to by counsel for
Defendants (and counsel for HCLT), to amend
Blackrock's pleadings in the "pending action" to add
Lance Hardin and Andrew Renfro as Third Party
Defendants in the "pending action" for the purposes of
presenting its allegations of Trespass and its Motion for
Temporary Restraining Order and Preliminary
Injunction, within the context of that proceeding.

On 16 December 2024, an online entry for this case's docket was entered listing

the case as "Consolidated." Consolidation, No. 24CV001476-550 (Macon Cnty. Super. Ct.

Dec. 16, 2024). Likewise, the HCLT Action's 16 December 2024 online docket entry

states "Consolidation" and "LEAD CASE[,]" Consolidation, No. 24CV000245-550

(Macon Cnty. Super. Ct. Dec. 16, 2024), and both cases' online dockets list each other as

"Related Cases" with the file numbers followed by "(Consolidation or Scheduling)[.]"

Related Cases, No. 24CV001476-550 (Macon Cnty. Super. Ct.); Related Cases, No.

24CV000245-550 (Macon Cnty. Super. Ct.). On 6 January 2025, Defendants filed their

answer under the title "FILE NO. 24CV001476-550 CONSOLIDATED WITH

24CV000245-550[,]" and Plaintiff filed its notice of appeal of the 12 December 2024

order. On 30 January 2025, Plaintiff filed its amended answer and counterclaim in

the HCLT Action, adding Defendants as parties as well as Plaintiff's trespass claim and motion for temporary restraining order and preliminary injunction against Defendants in addition to the claims against HCLT. HCLT and Defendants filed a reply to Plaintiff's counterclaim in the HCLT Action on 27 February 2025. Plaintiff appeals the order except for the trial court's dismissal of Plaintiff's invasion of privacy claim pursuant to Rule 12(b)(6).

## II. Analysis

Before we consider any of Plaintiff's substantive arguments, we must determine if we have jurisdiction to consider this appeal. *Ayala v. Perry*, 298 N.C. App. 134, 137, 913 S.E.2d 271, 275 (2025). Plaintiff argues the "trial court's order constitutes a final judgment because it dismisses or strikes all of [its] allegations" and "there is nothing left to do *in this case*." As partially cited by Plaintiff, our Supreme Court has distinguished a final judgment and an interlocutory order as the following:

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Veazey v. City of Durham*, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381 (1950)) (internal citations omitted). In other words, "[a] final judgment '"generally is one which ends the litigation on the merits."'" *Duncan v. Duncan*, 366 N.C. 544, 545, 742 S.E.2d 799, 801 (2013) (quoting *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 199 (1988));

*see Sanders v. May*, 173 N.C. 47, 49, 91 S.E. 526, 527 (1917) ("A judgment is final which decides the case upon its merits, without any reservation for other and future directions of the court, so that it is not necessary to bring the case again before the court." (citation and quotation marks omitted)). "On the merits" is defined as "delivered after the court has heard and evaluated the evidence and the parties' substantive arguments." *On The Merits*, Black's Law Dictionary (12th ed. 2024) ("[A] judgment is 'on the merits' if the underlying decision actually passes directly on the substance of a particular claim before the court." (quoting *Brownback v. King*, 592 U.S. 209, 215 (2021) (internal marks omitted)). Likewise, this Court has defined "judgment on the merits" as "a term of art that means a judgment was based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction or form." *Barrow v. D.A.N. Joint Venture Props. of N.C., LLC*, 232 N.C. App. 528, 534, 755 S.E.2d 641, 646 (2014) (citation modified).

Here, the trial court's order does not constitute a final judgment as it does not "dispose[ ] of the cause as to all the parties, leav[e] nothing to be judicially determined between the [parties] in the trial court[,]" nor does it "end[ ] the litigation on the merits." On the contrary, apart from the trial court's dismissal of the invasion of privacy claim, which was not appealed, the action and claims of trespass against Defendants and the motion for temporary restraining order as well as the preliminary injunction are still a live controversy "to be judicially determined by the trial court" on the merits in the HCLT Action. The trial court's order as appealed does not

substantively address any of the claims against Defendants; rather, the order dismissed the claims to be brought in the HCLT Action as a matter of procedure. Therefore, the trial court's order cannot meet the definition of a final judgment on the merits. Thus, the trial court's order is an interlocutory order.

Plaintiff argues, in the alternative, the trial court's order "in effect determines the action and prevents a judgment from which an appeal might be taken" or "discontinues the action." N.C. Gen. Stat. § 1-277(a) (2023); N.C. Gen. Stat. § 7A-27(b)(3)(b)-(c) (2023). We disagree.

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, we have jurisdiction over an appeal from an order that (1) affects a substantial right; (2) in effect determines the action and prevents a judgment from which an appeal might be taken; (3) or discontinues the action or refuses a new trial. N.C. Gen. Stat. § 1-277(a); N.C. Gen. Stat. § 7A-27(b)(3)(a)-(c). "This general prohibition against immediate [interlocutory] appeal exists because [t]here is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders." *Bartlett v. Est. of Burke*, 285 N.C. App. 249, 254–55, 877 S.E.2d 432, 437 (quoting *Harris v. Matthews*, 361 N.C. 265, 269, 643 S.E.2d 566, 568 (2007)) (alterations in original).

"An 'action' is defined as 'a formal complaint within the jurisdiction of a court

of law.' A 'claim' is a 'demand for money or property' or a 'cause of action.'" *Bradford v. Bradford*, 279 N.C. App. 109, 114, 864 S.E.2d 783, 788 (2021) (quoting *Massey v. Massey*, 121 N.C. App. 263, 267, 465 S.E.2d 313, 315 (1996)).[4] Our Supreme Court defined a cause of action as "the set of facts or allegations that create a legal right to sue." *Askew v. City of Kinston*, 386 N.C. 286, 299, 902 S.E.2d 722, 732 (2024) (citing *Cause of Action,* Black's Law Dictionary (11th ed. 2019)).

The parties disagree about whether the cases were consolidated. During the motion hearing the trial court said, "[i]n the [c]ourt's discretion, the [c]ourt will grant the motion to strike and allow the consolidation for pending actions in 24-CVS-000245-550." The parties and trial court discussed the consolidation issue further,

> MR. COLLINS [Plaintiff's Counsel]: If the case individually against these individuals for trespass, if that is capable of consolidation with the first case, if that's doable, then will we need to replead and allege that this was done individually in the first case?
>
> MR. JONES [Defendants' Counsel]: I think so.
>
> THE COURT: Yes.
>
> MR. COLLINS: Okay.
>
> THE COURT: Yes. In other words, it doesn't preclude you from bringing a claim in the original action, but you are

---

[4] *See Action*, Black's Law Dictionary (12th ed. 2024) ("An action has been defined to be an ordinary proceeding in a court of justice, by which one party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. But in some sense this definition is equally applicable to special proceedings. More accurately, it is defined to be any judicial proceeding, which, if conducted to a determination, will result in a judgment or decree. The action is said to terminate at judgment." (quoting 1 Morris M. Estee, *Estee's Pleadings, Practice, and Forms* § 3, at 1 (Carter P. Pomeroy ed., 3d ed. 1885))).

precluded in this particular action.

MR. COLLINS: Can we just consolidate that into the first one?

THE COURT: Well, at present what I've seen in the pleadings, it appears that they're identical.

MR. COLLINS: Well, we didn't allege it was done individually in the first one, this alternative pleading. So if I'm hearing you --

THE COURT: I'm not trying to put words in your mouth, but are you asking at this point for both [D]efendants to be added as individual defendants in the action?

MR. COLLINS: That's right, Judge. Yes. We would so move.

THE COURT: Is that what you're asking?

. . . .

MR. COLLINS: Yes. The aim here, what I'm getting at is preserving claims individually with these individuals as to trespass and if it takes a motion to consolidate just those claims as to those facts that are shared to consolidate with the first.

THE COURT: I think the language that Mr. Jones indicated would suffice for such.

Thus, the trial court appeared to understand the case against Defendants would be consolidated with the HCLT Action by the language of the order. Further, the 16 September 2024 motion hearing minutes entry on the online docket said, "Consolidate Case 24CVD000245-550 [(the HCLT Action).]" This would support the cases' status as being consolidated as Defendants argue.

- 14 -

The order allowed Plaintiff "to amend [its] pleadings in the [HCLT Action] . . . for the purposes of presenting its allegations of Trespass and its Motion for Temporary Restraining Order and Preliminary Injunction, within the context of that proceeding." But notably, the trial court also ordered, "[t]o the extent that any allegations or claims for relief in [Plaintiff]'s Complaint remain after application of this Order, the [c]ourt orders that they shall be consolidated with the [HCLT Action]" as well as adding "Lance Hardin and Andrew Renfro as Third-Party Defendants in the [HCLT Action] . . . for the purposes of presenting its allegations of Trespass and its Motion for Temporary Restraining Order and Preliminary Injunction, within the context of that proceeding." With the invasion of privacy claim dismissed and the trespass claim and motion for temporary restraining order and preliminary injunction struck to be added to the HCLT Action, nothing would be left to consolidate from the case on appeal, supporting Plaintiff's argument.

However, after entry of the order, the 16 December 2024 online entry for this case's docket says "Consolidated[;]" the HCLT Action's 16 December 2024 online docket entry states "Consolidation" and "LEAD CASE[;]" and both cases' online dockets list each other as "Related Cases" with the file numbers followed by "(Consolidation or Scheduling)[.]"

Based on the online docket publicly posting the actions of the trial court and parties in this case, it appears the trial court has now consolidated the HCLT Action and the action at issue here. But even assuming the cases are not consolidated, the

- 15 -

"formal complaint" for the "redress or prevention of a wrong" against Defendants has not been discontinued. Whether by consolidation or amendment, the action or "formal complaint" against Defendants is still proceeding in front of the trial court, pending a final judgment on the merits. Further, as discussed between the trial court and Plaintiff's counsel during the motion hearing, both cases are premised upon the same cause of action, being the time, events, and location, but each contains claims against different, but related, parties. The complaint against Defendants on appeal has not changed, nor has the trial court made any judgment on the merits of any of the complaints against Defendants on appeal. Therefore, Plaintiff's action against Defendants, minus the non-appealed invasion of privacy claim, remains intact.

Plaintiff cites two cases to support its argument the order is appealable because it in effect determines the action, prevents an appealable judgment, or discontinues the action. First, in *Flynn v. Schamens*, 250 N.C. App. 337, 792 S.E.2d 833 (2016), "[t]he parties agreed to submit all claims to binding arbitration and stay court proceedings pending a resolution." *Id.* at 338, 792 S.E.2d at 834. The arbitrator issued a "decision and final award," and the "[p]laintiff subsequently moved for confirmation of the award and entry of judgment in [trial court]" while the "[d]efendants . . . filed a motion to vacate the award." *Id.* "The trial court entered an order denying [the] defendants' motion to vacate and, without explanation, declaring 'moot' [the] plaintiff's motion to confirm" in violation of statutory requirements to issue an order and corresponding judgment upon a party's motion, preventing an

appealable judgment.[5]  *Id.* at 338, 792 S.E.2d at 834–35.  In *In re E.H.*, 227 N.C. App. 525, 742 S.E.2d 844 (2013), "[t]he order at issue . . . determined that . . . voluntary dismissal of the juvenile petition was effective, thus depriving the trial court of jurisdiction, and preventing a final judgment on the merits from which appeal might be taken."  *Id.* at 528, 742 S.E.2d at 847 (citation modified).  As discussed, the case on appeal here never had a final judgment and decision like in *Flynn*, nor did the trial court deprive itself of jurisdiction as in *In re E.H.*  Therefore, these cases are not applicable to the facts presented in this case.[6]

Because the trial court's order did not make a determination on the complaint against Defendants, nor did it prevent any further decisions, including appeal of the final judgment or other orders statutorily appealable, on that complaint or affect the substantial rights of Plaintiff, we do not have jurisdiction.  *See Veazey*, 231 N.C. at 363–64, 57 S.E.2d at 382 ("The rules regulating appeals . . . are designed to forestall the useless delay inseparable from unlimited fragmentary appeals, and to enable courts to perform their real function, i.e., to administer 'right and justice . . . without

---

[5] In *Flynn*, the plaintiff also had a separate statutory right to appeal "from . . . [a]n order confirming or denying confirmation of an award."  250 N.C. App. at 338, 792 S.E.2d at 834–35 (quoting N.C. Gen. Stat. § 1-569.28(a)(3) (2015)).

[6] Plaintiff and Defendants also cite *Barrier Geotechnical Contrs., Inc. v. Radford Quarries of Boone, Inc.*, 184 N.C. App. 741, 646 S.E.2d 840 (2007), for its stating consolidation "is in the discretion of the court[,]" which is not at issue here.  *Id.* at 744, 646 S.E.2d at 841 (quoting *Phelps v. McCotter,* 252 N.C. 66, 66, 112 S.E.2d 736, 737 (1960)).  However, we note in *Barrier*, this Court only allowed the appeal of interlocutory orders denying motions for change of venue and to consolidate because the "right to venue established by statute is a substantial right, the denial of which is immediately appealable" and the same factual issues existed in both trials in that case, presenting a possibility of inconsistent verdicts.  *Id.* at 743, 646 S.E.2d at 841 (citation modified).

sale, denial, or delay.'" (quoting N.C. Const. Art. I, § 35) (citation modified)).

This opinion should in no way be construed to be an approval of or a disapproval of the trial court's order and its use of Rule 12(f) in this context. We only express we do not have the jurisdiction to hear this appeal as it currently stands. *See Allred v. Tucci*, 85 N.C. App. 138, 143, 354 S.E.2d 291, 295 (1987) ("Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." (quoting *Eudy v. Eudy,* 288 N.C. 71, 75, 215 S.E.2d 782, 785 (1975)).

### III.   Conclusion

We hold this Court does not have jurisdiction to consider Plaintiff's appeal because the trial court's order is an interlocutory order that does not effectively determine the action, prevent an appealable judgment, or discontinue the action.

DISMISSED.

Judges STROUD and COLLINS concur.

Report per Rule 30(e).