KATHLEEN P. WHITFORD v. JOHN WHITFORD, JR.

(Filed 26 February 1964.)

**1. Evidence § 24—**

A decree of a court of another State should be authenticated as prescribed by 28 U.S.C.A. 1738, and a decree authenticated only by certification of a person designating himself as an attorney at law is insufficient.

**2. Evidence § 2—**

Our courts are not required to take judicial notice of a decree of a court of another state.

**3. Divorce and Alimony § 22—**

Where the children of the marriage are residents of this State and the parents are personally before the court, our courts have jurisdiction in the wife's action for subsistence under G.S. 50-16 to award the custody of the children to the wife and decree the amount defendant should contribute for their support, and to punish him as for contempt for wilfull failure to comply with its order, notwithstanding that the husband may have obtained a decree of divorce in another State after the entry of the order for support.

APPEAL by defendant from *Bundy, J.,* October, 1963, Session of CRAVEN.

This is an appeal from an order adjudging defendant in contempt because of his willful failure to comply with orders of the Superior Court of Craven County.

The record does not contain a case on appeal agreed to by the parties or settled by the court. The clerk has certified certain records of his office. These records are adverted to in the opinion.

*R. E. Sumrell, Lee and Hancock for plaintiff appellee.*
*Charles L. Abernethy, Jr., for defendant appellant.*

RODMAN, J.   This action was begun in the Superior Court of Craven County in May, 1960. Plaintiff in her complaint alleged: The parties, residents of Craven County, were married in 1951. Two children were born to the marriage—Terry in 1956, and John in November, 1957. Defendant had on numerous occasions committed adultery and on 14 March 1960 abandoned plaintiff and their minor children. She asked for support for herself and the children as authorized by G.S. 50-16.

Defendant answered. He admitted the residence of the parties, the marriage and birth of the children. He denied the wrongful conduct charged by plaintiff.

The court on 20 June 1960, after a hearing at which plaintiff and defendant were represented, made an order awarding custody of the children to plaintiff; granted plaintiff the right to occupy the home and required

defendant to pay $400.00 a month for the support of plaintiff and the children of the marriage, pending trial on the merits. Counsel fees for the plaintiff were also awarded. So far as the record discloses, no exception was taken to this order.

On 2 September 1960, the court cited defendant to appear and show cause why he should not be held in contempt because of his wilfull failure to make the payments directed by the court. Similar orders requiring defendant to appear and show cause why he should not be held in contempt were issued by judges of the Superior Court on 9 January 1961, 4 February 1961, 24 July 1961, and 4 November 1961.

The monthly payments were in January, 1961, reduced to $300.00 per month.

On 18 November 1961, a hearing was held on motion by plaintiff to cite defendant for contempt and on defendant's motion to award custody to someone other than the parents. Judge Bundy found defendant in contempt.

Notwithstanding defendant's charge then made, that plaintiff had on numerous occasions committed adultery, Judge Bundy found that she was a fit and proper person to have the custody of the children. He reaffirmed previous order awarding custody to her. Reciting in his order that plaintiff had stated in open court "that she does not now ask for support for herself but only for the children," he reduced the amount defendant should pay from $300.00 to $250.00 per month. He modified the order previously entered, which had prohibited either of the parties from taking the children beyond the jurisdiction of the court, so as to permit the plaintiff to take the children to Newport News, Virginia, where her mother lived and where plaintiff could find employment.

In September, 1963, plaintiff again sought an order holding defendant in contempt for failure to make the monthly payments theretofore ordered. She alleged defendant had paid part of the amount due in 1962, and nothing for the months of January, February, March, April, June, July, August and September, 1963. Based on her verified petition, the court directed defendant to appear on 10 October 1963, to show cause why he should not be held in contempt. So far as the record discloses, defendant did not file an answer to the petition. He was, however, present and testified at the hearing. He was represented by counsel. To excuse his failure to make the payments theretofore ordered, he relied on a writing which he asserted was a copy of a decree of divorce rendered by the Circuit Court of Duval County, Florida. This paper was neither certified nor exemplified. It was marked as exhibit A. The record does not contain a copy of exhibit A. It does, however, contain a copy of what defendant asserts to be the decree of divorce rendered by the Florida court. The

only authentication appearing on that paper is the following: "I hereby certify this is a true copy of final decree of divorce. CARL G. SWANSON, Attorney at Law." The paper purports to award plaintiff in that action an absolute divorce, custody of the children to the mother with a provision that the father should pay $150.00 per month for their support.

Apparently, for the purpose of challenging defendant's good faith in asserting that he had ever resided in Florida, counsel for plaintiff presented him with affidavits he had made in November 1962, March 1963, and May 1963, stating that he was a resident of Craven County, North Carolina.

In his judgment, finding defendant guilty of wilfull contempt in failing to comply with the orders of this State, the court made no reference to the purported decree of divorce by the Florida court. There was no evidence requiring him to render a decision with respect to the jurisdiction of the courts of Florida to decree a divorce or to award custody or fix the amount to be paid for the support of the children. If defendant wished to rely on a decree of the Florida courts to justify his refusal to provide support for his children as ordered by the courts of this State, he should have offered competent evidence to establish action by the Florida court. The manner of authenticating such records is prescribed by Federal Statute 28 U.S.C.A. 1738. *Dansby v. Insurance Company,* 209 N.C. 127, 183 S.E. 521.

Defendant in his brief filed here attaches as an exhibit an exemplified transcript of a record of an action in the Circuit Court of Duval County, Florida, entitled *JOHN WHITFORD, JR. v. KATHLEEN P. WHITFORD.* The certification on that record is dated January 18, 1964—more than three months after Judge Bundy heard the parties and made his decision.

Defendant argues the trial court should have taken judicial notice of the Florida records. The contention is lacking in merit. *State v. Cooke,* 248 N.C. 485, 103 S.E. 2d 846; *Wolfe v. North Carolina,* 364 U.S. 177, 4 L. Ed. 2d 1650, 80 S. Ct. 1482.

Defendant does not contend the children have ever been to Florida. They are residents of and subject to the jurisdiction of the courts of this State, although with the court's permission temporarily in Virginia. Even if defendant became a resident of Florida for the purpose of obtaining a divorce, the courts of this State have the right to determine what amount defendant should contribute for the support of his children and, for wilfull failure to comply with its orders in that respect, to punish for contempt. *In re Hughes,* 254 N.C. 434, 119 S.E. 2d 189; *Weddington v. Weddington,* 243 N.C. 702, 92 S.E. 2d 71; *Richter v. Harmon,* 243 N.C. 373, 90 S.E. 2d 744; *Hoskins v. Currin,* 242 N.C. 432, 88 S.E. 2d 228; *Gafford v. Phelps,* 235 N.C. 218, 69 S.E. 2d 313.

This opinion ought not to close without noting, as we do, that there is nothing in the transcript attached to defendant's brief to indicate the Florida court was informed that the courts of this State had theretofore awarded custody to the mother and fixed the sum the father should pay, which order was made at the time the courts of this State had jurisdiction of both the parents and the children.

The judgment holding defendant in contempt does not deprive him of his right, because of changed conditions, to hereafter move for modification of the order relating either to custody or the amount he must contribute for the support of his children.

Affirmed.