WALTER ARNELL WEST v. G. D. REDDICK, INC.

No. 125

(Filed 2 February 1981)

1. Appeal and Error § 5.1— judicial notice of opinion of Court of Appeals

The Supreme Court could take judicial notice of facts not appearing in the record in this case but which appeared in a published opinion by the Court of Appeals.

2. Limitation of Actions § 12.1; Rules of Civil Procedure § 41.1— voluntary dismissal — appeal — time from which statute of limitations begins to run

Where plaintiff takes a voluntary dismissal under G.S. 1A-1, Rule 41(a)(2) and defendant appeals from that dismissal, plaintiff's one year period to reinstitute his claim does not run from the taking of the dismissal in the trial court, but instead runs from the date of final appellate action.

Justice MEYER did not participate in the consideration or decision of this case.

APPEAL by plaintiff pursuant to G.S. 7A-30(2) from decision of the North Carolina Court of Appeals affirming judgment on the pleadings in favor of defendant entered by *Kilby, J.*, on 19 October 1979 in District Court, WILKES County.

On 20 July 1976 plaintiff instituted an action for damages for personal injuries which he alleged were suffered by him on 25 July 1974 and which were allegedly proximately caused by the negligence of defendant. On 15 September 1977 Judge Kivett signed an order pursuant to G.S. 41(a)(2) dismissing plaintiff's action without prejudice. On 28 November 1978 plaintiff commenced this action based on the 25 July 1974 accident. Defendant answered on 15 December 1978 and, *inter alia,* pled the three-year statute of limitations and the failure of plaintiff to reinstitute his action against defendant within one year from the 15 September 1977 order. On 5 March 1979 defendant filed a motion for judgment on the pleadings which was granted by Judge Kilby on 19 October 1979. Plaintiff appealed and the Court of Appeals in an opinion by Judge Martin (Harry C.), Judge Martin (Robert M.) concurring, affirmed Judge Kilby's judgment. Judge Hedrick dissented and this case is before us as a matter of right pursuant to G.S. 7A-30(2).

*Vannoy, Moore and Colvard by J. Gary Vannoy and Michael E. Helms, for plaintiff.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter and Keith W. Vaughan, for defendant.*

BRANCH, Chief Justice.

[1] The threshold question presented by this appeal is whether we may judicially notice facts not appearing in the record in this case but which appear in a published opinion of the Court of Appeals. We note initially that the record does not disclose any statement concerning an appeal from the order dismissing the original action. Nevertheless, both parties argued, as the sole issue in their briefs in the Court of Appeals, the issue of whether the one-year period of limitation granted by Rule 41(a)(2) for reinstitution of the dismissed action began to run at the time of the order of dismissal or at the time of final appellate action. The Court of Appeals held that it could not consider the effect of defendant's appeal in the prior action or the appellate disposition of that appeal because there is nothing in the record of this action showing that any prior appeal was, in fact, taken.

This Court has long recognized that a court may take judicial notice of its own records in another interrelated proceeding where the parties are the same, the issues are the same and the interrelated case is referred to in the case under consideration. *State v.*

*Patton,* 260 N.C. 359, 132 S.E. 2d 891 (1963); *Bizzell v. Ins. Co.,* 248 N.C. 294, 103 S.E. 2d 348 (1958); *State v. McMilliam,* 243 N.C. 775, 92 S.E. 2d 205 (1956). Here however, we are not being asked to take judicial notice of *our* records. Nevertheless, generally a judge or a court may take judicial notice of a fact which is either so notoriously true as not to be the subject of reasonable dispute or *is capable of demonstration by readily acce ssible sources of indisputable accuracy. Kennedy v. Parrott,* 243 N.C. 355, 90 S.E. 2d 754 (1956) (emphasis added); *Hopkins v. Comer,* 240 N.C. 143, 81 S.E. 2d 368 (1954); *see also* 29 Am. Jur. 2d, "Evidence," § 25 (1967). "The device of judicial notice is available to an appellate court, and is employed not only in the course of a trial but also on any occasion where the existence of a particular fact is important, as in determining the sufficiency of a pleading . . . ." 1 Stansbury's North Carolina Evidence § 11 (Brandis rev. 1973).

In fact, this Court has, on at least one occasion, examined facts appearing in a published opinion of a federal court. In *State v. Cooke,* 248 N.C. 485, 103 S.E. 2d 846 (1958), defendants asked the trial court to take judicial notice of a civil action in the United States District Court involving the same matter. The trial court declined. This Court affirmed, noting without elaboration that its knowledge of the facts in the civil case was "limited to what appears in the published opinion." *Id.* at 493, 103 S.E. 2d at 852. Although the Court examined the published opinion it apparently rested its holding on the fact that its examination of the published opinion did not disclose sufficient facts to support the defense which defendants sought to interpose.

The facts that plaintiff would have us judicially notice are contained in a published report of the North Carolina Court of Appeals. That court and our Court constitute the appellate division of the General Court of Justice. At oral argument before us, counsel for defendant admitted that the case reported in 38 N.C. App. 370 was the same case which was dismissed without prejudice on 15 September 1977.

We conclude that the matter which we are asked to judicially note, the published opinion of the North Carolina Court of Appeals at 38 N.C. App. 370, is a "readily accessible source of indisputable accuracy." We, therefore, take judicial notice of that opinion. Our examination of that opinion reveals that defendant appealed from

the 15 September 1977 order and that the opinion of the Court of Appeals was filed on 17 October 1978.

We are cognizant of the holding in *Whitford v. Whitford*, 261 N.C. 353, 134 S.E. 2d 635 (1964). In that case, defendant was found guilty of willful contempt because of his failure to comply with the court's order for child support. The court rejected defendant's argument that the North Carolina court should take judicial notice of an unauthenticated divorce decree of a Florida court. There was nothing before the North Carolina court to show that the Florida court had jurisdiction to decree a divorce, award custody, or fix support payments. Neither was there any showing that the Florida court was informed that the North Carolina court had already awarded child custody and fixed the support payments to be paid by defendant. The facts in *Whitford* are easily distinguishable from the facts before us. In *Whitford* the Court was asked to judicially note a record or decree of a trial court of a foreign jurisdiction.

[2]  Having decided that we are not restricted to the record in this case, we move to the merits of the appeal. We must now decide whether the one-year period to reinstitute a claim dismissed under Rule 41(a)(2) runs from the date of the taking of the dismissal in the trial court or from the date of the appellate court's mandate.

Rule 41(a)(2) provides, *inter alia*:

If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless the judge shall specify in his order a shorter time.

Defendant contends that the time for refiling began to run upon entry of Judge Kivett's order dismissing the original action, and therefore the present action is barred by the applicable three-year statute of limitations and by the one-year limitation set out in Rule 41(a)(2). On the other hand, plaintiff contends that defendant's action in taking an appeal from the dismissal order tolled the running of the one-year limitation until final appellate action was taken, and therefore this action was not barred by the passage of time.

Plaintiff relies heavily on our decision in *Rowland v. Beau-*

*champ*, 253 N.C. 231, 116 S.E. 2d 720 (1960), in which we considered G.S. 1-25 (repealed by 1967 N.C. Sess. Laws c. 954, s. 4, effective 1 January 1970). That statute provided as follows:

> If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited... the plaintiff... may commence a new action within one year after such nonsuit ....

The Court in *Rowland* considered whether the one-year period to refile ran from the date of a General County Court nonsuit of plaintiffs' action or from the date of dismissal of plaintiffs' appeal in the Superior Court. We held that the date of dismissal in the Superior Court was the correct date from which time would begin to run. We said, "When a judgment of nonsuit has been appealed from, the nonsuit does not become final, in the sense that it ends the lawsuit, until the appeal... has been disposed of ...." *Id.* at 237, 116 S.E. 2d at 724, *quoting Adams v. St. Louis - San Francisco Railway*, 326 Mo. 1006, 33 S.W. 2d 944 (1930). Plaintiff argues that since Rule 41(a)(2) is similar to former G.S. 1-25 the Court should interpret the one-year period in Rule 41(a)(2) consistent with its interpretation of G.S. 1-25 in *Rowland*.

Defendant, on the other hand, contends that the language of the rule is clear and that by its express terms plaintiff's action is barred. We disagree. It is generally recognized that, "the opinion of the writers at the time of the adoption of Rule 41 [was] that the provisions of that rule follow G.S. 1-25, and the wording of the rule would so indicate." *Whitehurst v. Virginia Dare Transportation Co.*, 19 N.C. App. 352, 355-56, 198 S.E. 2d 741, 743 (1973). *See* McIntosh, N. C. Practice and Procedure § 1647 (Phillips Supp. 1970); Sizemore, *General Scope and Philosphy of the New Rules*, 5 Wake Forest Intra. L. Rev. 1, 30 (1969); Smith, *Trial Under the New Rules*, 5 Wake Forest Intra. L. Rev. 138, 146 (1969). Under *Rowland v. Beauchamp, supra,* final dismissal, when a voluntary dismissal is appealed, does not take place until after appellate action. Therefore, we hold consistently with *Rowland* that the use of "dismissal" in Rule 41(a)(2) refers to the ultimate dismissal which occurs only after final appellate action.

Defendant relies primarily on the case of *Carl Rose & Sons Ready Mix Concrete, Inc. v. Thorp Sales Corp.*, 36 N.C. App. 778, 245 S.E. 2d 234 (1978), in which the court stated, "the statute of

limitations was not tolled by the appeal undertaken by defendant . . . ." *Id.* at 781, 245 S.E. 2d at 236. An examination of the facts of that case, however, shows that it is inapposite to the one before us. In *Ready Mix*, the plaintiff filed an action but failed properly to serve defendant with process. The plaintiff obtained a default judgment when defendant did not answer. Defendant later moved to set aside the judgment on grounds of improper service of process. The trial court found against defendant, but the Court of Appeals reversed the trial court and found service improper. At some time between plaintiff's acquisition of the default judgment and the Court of Appeals' decision overturning the judgment, the three-year statute of limitations had run on the claim. Thereafter, plaintiff obtained proper service on defendant and argued that the claim survived because the defendant's first appeal tolled the statute of limitations. The case again reached the Court of Appeals. It held that the first appeal did not toll the statute of limitations because there was no proper service in the original lawsuit. In instant case, however, plaintiff does not seek to revive a claim already barred by the statute of limitations.

Defendant contends that a decision to start the one-year period from the date of final appellate action will fail in practice because no specific date can be fixed to mark the beginning of the one-year period. Under Rule 32 of the Rules of Appellate Procedure, the mandate of the appellate court "consists of certified copies of its judgment and of its opinion . . . ." Unless a court otherwise directs, the mandate must be issued twenty days after the written opinion is filed with the clerk. App. R. 32(b).

In the case before us, the Court of Appeals filed its opinion on 17 October 1978. Thus, pursuant to Rule 32, the mandate of the Court of Appeals would have had to issue on 6 November 1978. Plaintiff reinstituted his action on 28 November 1978, well within the one-year period set forth in Rule 41(a)(2).

The decision of the Court of Appeals is reversed, and the cause is remanded to that court with direction that it be remanded to the District Court, Wilkes County, for proceedings in accordance with this opinion.

Reversed and remanded.

Justice MEYER did not participate in the consideration or decision of this case.