STATE OF NORTH CAROLINA
v.
RODERICK DEMAIN GATLING.
No. COA09-735.
Court of Appeals of North Carolina.
Filed January 19, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Tina A. Krasner, for the State.
Jarvis John Edgerton, IV for Defendant-Appellant.
McGEE, Judge.
Roderick Demain Gatling (Defendant) appeals from judgment consistent with jury verdicts finding him guilty of trafficking in heroin by possession, conspiracy to commit trafficking heroin by delivery, and possession with intent to sell or deliver heroin.
The facts pertinent to this appeal are as follows: Defendant was arrested on 15 August 2007 during an undercover drug operation by the Durham Police Department. A warrant for Defendant's arrest was issued on 20 September 2007, alleging trafficking by possession of more than 28 grams of heroin. Defendant was brought before Chief District Court Judge Elaine M. Bushfan on 21 April 2008 and Defendant executed a written waiver of his right to counsel. The Waiver of Counsel form (AOC-CR-227) provided that Defendant "freely, voluntarily and knowingly" waived his right to assigned counsel. In the Certificate of Judge section on the form, Judge Bushfan certified that Defendant had been informed of the charges against him and of his right to have counsel assigned by the trial court. Judge Bushfan and Defendant signed and dated the form on 21 April 2008. Defendant was returned to District Court on 28 April 2008 for the additional charge of trafficking heroin. In an Order of Assignment or Denial of Counsel form signed on 28 April 2008, the trial court deemed Defendant indigent and ordered that Defendant be represented by the public defender.
Defendant was subsequently indicted and tried for the charges of trafficking in heroin by possession, trafficking in heroin by transportation, conspiracy to commit trafficking in heroin by delivery, and possession of heroin with intent to sell/deliver. A jury found Defendant not guilty of trafficking in heroin by transportation and guilty of the remaining three charges. The trial court consolidated the convictions and sentenced Defendant to 225 months to 279 months in prison. Defendant appeals.
In his sole argument on appeal, Defendant contends the trial court erred in failing to resolve the issue of counsel at Defendant's first appearance hearing in violation of N.C. Gen. Stat. § 15A-603 and his constitutional right to counsel.
Any person who is arrested by North Carolina authorities must be brought before a magistrate for an initial appearance at which he or she is advised, among other things, of the right to communicate with counsel. N.C. Gen. Stat. § 15A-511(b)(2007). A person who is charged with a crime that is in the original jurisdiction of the superior court is then brought into district court for a first appearance. N.C. Gen. Stat. § 15A-601(a) (2007). The initial appearance required by N.C.G.S. § 15A-511(b) and the first appearance required by N.C.G.S. § 15A-601 may be consolidated and held before a district court judge. N.C. Gen. Stat. § 15A-601(b)(2007). At the first appearance, the judge must properly inform the defendant of his counsel rights in the manner required by N.C. Gen. Stat. § 15A-603 (2007).
Defendant asserts that he made his initial appearance and first appearance on 19 April 2008, and not on 21 April 2008 when he executed his Waiver of Counsel form. To support his contention that his first appearance hearing was held on 19 April 2008, Defendant cites to a form entitled "Durham First Appearance Summary" which is dated 19 April 2008. The State, however, argues that Defendant's reliance on the Durham Summary is misplaced. We agree with the State.
In this case, the official General Court of Justice document, the Waiver of Counsel form AOC-CR-227, shows that Defendant's first hearing occurred on 21 April 2008 and a waiver of counsel was signed by Defendant at that time. The "Waiver of Counsel" form, dated and signed by Defendant and Judge Bushfan on 21 April 2008, shows Judge Bushfan advised Defendant of his Sixth Amendment right to counsel in accordance with N.C. Gen. Stat. § 15A-603. The "Durham First Appearance Summary" is not an official General Court of Justice document, as it is not an Administrative Office of the Courts form. Further, as the State requests, we take judicial notice of the fact that 19 April 2008 was a Saturday and Defendant could not have appeared in District Court on that day. See West v. Reddick, Inc., 302 N.C. 201, 203, 274 S.E.2d 221, 223 (1981) (Facts which are either so notoriously true as not to be the subject of reasonable dispute or "capable of demonstration by readily accessible sources of indisputable accuracy" are subject to judicial notice.). Accordingly, the trial court properly secured a waiver of counsel during Defendant's first appearance hearing.
No error.
Judges GEER and HUNTER, JR. concur.
Report per Rule 30(e).