ELMORE, Judge.
 

 *312
 
 Previously, a divided panel of this Court, --- N.C. App. ----,
 
 797 S.E.2d 308
 
 (2017) (
 
 Hyman III
 
 ), held that the exculpatory-witness component of defendants' ineffective assistance of trial counsel claim was not procedurally barred from appellate review and that "defendant is entitled to relief under
 
 Strickland
 
 on [that component of his] claim" and, therefore, reversed the trial court's order denying defendant's motion for appropriate relief ("MAR").
 

 Id.
 

 at ----,
 
 797 S.E.2d at 322
 
 . The majority thus declined to "address [defendant's] remaining arguments,"
 

 id.
 

 , which included his challenges to the trial court's denial of his MAR as to the dual-representation-conflict components of his ineffective assistance of counsel claims,
 

 id.
 

 at ----,
 
 797 S.E.2d at 316
 
 . The dissenting judge opined that the exculpatory-witness claim had been procedurally defaulted by N.C. Gen. Stat. § 15A-1419(a)(3) but, nonetheless, that because defendant failed to satisfy his burden of establishing any claim to support granting his MAR, he would affirm the trial court's order.
 

 Id.
 

 at ----,
 
 797 S.E.2d at 323-24
 
 (Dillon, J., dissenting).
 

 On 17 August 2018, our Supreme Court affirmed in part our decision in
 
 Hyman III
 
 -that is, "defendant's [exculpatory-witness] ineffective assistance of counsel claim [was] not procedurally barred pursuant to N.C.G.S. § 15A-1419(a)(3)"-reversed in part our decision-that
 
 *149
 
 is, "to overturn the trial court's order denying defendant's [MAR]" based upon a merits-review of the exculpatory-witness component of his ineffective assistance of trial counsel claim-and remanded "for consideration of remaining challenges to the trial court's order denying defendant's [MAR]."
 
 State v. Hyman
 
 , --- N.C. ----, ----,
 
 817 S.E.2d 157
 
 , 173 (2018).
 

 Defendant's remaining challenges, which were neither addressed by our Court in
 
 Hyman III
 
 nor our Supreme Court in its later decision, concerned the trial court's denial of his MAR as to his claims he received (1) ineffective assistance of trial counsel because his attorney had a dual-representation conflict arising from her prior representation of one of the State's primary witnesses against him, and (2) ineffective assistance of counsel at the evidentiary remand hearing ordered to develop that claim in
 
 *313
 

 State v. Hyman
 
 ,
 
 172 N.C. App. 173
 
 ,
 
 616 S.E.2d 28
 
 ,
 
 2005 WL 1804345
 
 (2005) (unpublished) (
 
 Hyman I
 
 ). Specifically, defendant argued the trial court improperly concluded he was procedurally barred from reasserting as grounds to support his MAR the dual-representation-conflict component of his ineffective assistance of trial counsel claim because his remand attorney himself had a dual-representation conflict arising from his prior representation of a co-defendant also charged with the victim's murder. Additionally, defendant argued that, to the extent the dual-representation remand counsel conflict claim had been procedurally barred under N.C. Gen. Stat. § 15A-1419(a)(3) by his failure to raise it on direct appeal in
 
 State v. Hyman
 
 ,
 
 182 N.C. App. 529
 
 ,
 
 642 S.E.2d 548
 
 ,
 
 2007 WL 968753
 
 (2007) (unpublished) (
 
 Hyman II
 
 ), he received ineffective assistance of appellate counsel.
 

 I. Background
 

 The trial facts and procedural history of this case are discussed more fully in our prior opinions,
 
 Hyman I
 
 ,
 
 Hyman II
 
 ,
 
 Hyman III
 
 , and in our Supreme Court's subsequent opinion,
 
 Hyman
 
 , --- N.C. at ---- - ----,
 
 817 S.E.2d at 157-67
 
 . We discuss only that relevant to provide basic context and to adjudicate the remanded issues.
 

 In September 2003, a jury found defendant guilty of first-degree murder for the 6 May 2001 shooting death of Ernest Bennett, and the trial court sentenced him to life in prison without parole. Defendant appealed, arguing the trial court erred by failing to conduct a hearing and inquire into a potential dual-representation trial counsel conflict when it became apparent that his first-chair defense counsel, Teresa Smallwood, "previously represented [one of the State's primary witnesses, Derrick] Speller in an unrelated case."
 
 Hyman I
 
 , at *4. On 2 August 2005, we issued our decision in
 
 Hyman I
 
 , in part remanding to the superior court for an evidentiary hearing on the Smallwood dual-representation-conflict claim "to determine if the actual conflict adversely affected [Smallwood's] performance[.]"
 
 Id.
 
 at *6 (quoting
 
 State v. James
 
 ,
 
 111 N.C. App. 785
 
 , 791,
 
 433 S.E.2d 755
 
 , 759 (1993) ).
 

 That remand hearing occurred on 3 October and 2 November 2005. The trial court appointed A. Jackson Warmack to represent defendant. Warmack had previously represented Telly Swain, a co-defendant also charged with Bennett's murder. Warmack advised the trial court before the remand hearing that there might be a potential conflict with his later representation of defendant, but Warmack explained that he had previously contacted the North Carolina State Bar and determined no actual conflict would exist given the limited scope of the remand hearing. After defendant confirmed to the trial court he did not object to
 
 *314
 
 Warmack's representation, Warmack proceeded as defendant's counsel at the remand hearing.
 

 After the remand hearing, the trial court entered an order concluding "Smallwood's representation of defendant was not adversely affected by her prior representation of Speller."
 
 Hyman II
 
 , at *2. Defendant appealed, arguing "Smallwood's actual conflict of interest adversely affected her representation of him."
 

 Id.
 

 On 3 April 2007, this Court issued its decision in
 
 Hyman II
 
 , directly addressing and rejecting the Smallwood dual-representation-conflict component of defendant's ineffective assistance of trial counsel claim, and holding that defendant "failed to show the trial court erred when it found and concluded Smallwood's representation of
 
 *150
 
 him was not adversely affected by her previous representation of Speller."
 
 Id.
 
 at *6. The
 
 Hyman II
 
 panel thus affirmed the trial court's remand order.
 
 Id.
 

 In July 2013, defendant filed an MAR in the superior court, asserting "his right to effective, conflict-free trial counsel was violated" and, "[t]o the extent this claim is in any way procedurally barred, ... his right to effective, conflict-free counsel was violated on remand and/or ineffective assistance of appellate counsel." Relevant to defendant's remaining challenges presented on remand, he argued he received ineffective assistance of (1) trial counsel based upon Smallwood's dual-representation conflict "between her duties to her former client, the State's witness [Speller], and her duties to defendant"; (2) remand counsel based upon Warmack's dual-representation conflict "from having previously represented [co-defendant] Swain"; and (3) appellate counsel to the extent his failure to raise Warmack's dual-representation conflict on appeal in
 
 Hyman II
 
 procedurally defaulted that claim. The trial court granted defendant's request for an evidentiary MAR hearing.
 

 After that evidentiary hearing, the trial court entered an order on 12 May 2015 denying defendant's MAR. In its order, the trial court concluded defendant was procedurally barred from (1) reasserting Smallwood's dual-representation conflict as grounds to support his MAR because this Court in
 
 Hyman II
 
 previously addressed and rejected that claim,
 
 see
 
 N.C. Gen. Stat. § 15A-1419(a)(2) ; and (2) raising Warmack's dual-representation conflict because defendant failed to raise it on appeal in
 
 Hyman II
 
 ,
 
 see
 
 N.C. Gen. Stat. § 15A-1419(a)(3). Alternatively, the trial court concluded (3) the Warmack dual-representation remand counsel conflict claim was meritless because (a) defendant waived Warmack's potential conflict at the remand hearing; (b) defendant failed to establish Warmack had an actual conflict when representing him at the remand hearing; and (c) even if an actual conflict existed, defendant
 
 *315
 
 failed to establish it adversely affected Warmack's representation of him at the remand hearing. The trial court also concluded (4) to the extent defendant was procedurally barred from raising Warmack's dual-representation conflict because his appellate counsel did not raise it on appeal in
 
 Hyman II
 
 , he did not receive ineffective assistance of appellate counsel because the underlying claim was meritless.
 

 II. Issues Presented on Remand
 

 Defendant's remaining challenges presented on remand concerned the propriety of the trial court's denial of his MAR as to the Smallwood dual-representation-conflict component of his ineffective assistance of trial counsel claim. He argued he was "not procedurally barred from asserting Smallwood's dual representation conflict" because "Warmack provided ineffective assistance of counsel at the remand hearing." Specifically, defendant challenged the trial court's conclusions that (1) the Smallwood dual-representation trial counsel conflict claim was rejected by this Court in
 
 Hyman II
 
 ; (2) the findings in its 2005 remand order as to the timing of Smallwood's representations of Speller and defendant were binding at the 2013 evidentiary MAR hearing; (3) defendant "properly waived Warmack's conflict" at the 2005 remand hearing; (4) "any claim regarding Warmack's conflict is procedurally barred because appellate counsel did not raise it in
 
 Hyman II
 
 "; (5) "Warmack provided effective representation" at the 2005 remand hearing; and (6) "[defendant] would not have suffered prejudice even if his appellate counsel had argued Warmack's conflict in
 
 Hyman II
 
 because the conflict claim is meritless." Because these challenges concern three related but independent ineffective assistance of counsel claims, we reorganize our discussion accordingly.
 

 III. Analysis
 

 A. Review Standard
 

 "[A]ppellate courts review trial court orders deciding motions for appropriate relief 'to determine whether the findings of fact are supported by evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court.' "
 
 Hyman
 
 , --- N.C. at ----,
 
 817 S.E.2d at 169
 
 (other internal quotation marks omitted) (quoting
 
 *151
 

 State v. Frogge
 
 ,
 
 359 N.C. 228
 
 , 240,
 
 607 S.E.2d 627
 
 , 634 (2005) ). But where, as here, "no exceptions are taken to findings of fact made in a ruling on a motion for appropriate relief, such findings are presumed to be supported by competent evidence and are binding on appeal."
 

 Id.
 

 (brackets omitted) (quoting
 
 State v. Mbacke
 
 ,
 
 365 N.C. 403
 
 , 406,
 
 721 S.E.2d 218
 
 , 220 (2012) ). Legal conclusions "are
 
 *316
 
 fully reviewable."
 

 Id.
 

 (citing
 
 State v. Bush
 
 ,
 
 307 N.C. 152
 
 , 168,
 
 297 S.E.2d 563
 
 , 573 (1982) ).
 

 B. Smallwood Dual-Representation Trial Counsel Conflict Claim
 

 Defendant argues the trial court erred by concluding he was procedurally barred from reasserting in his MAR the Smallwood dual-representation-conflict component of his ineffective assistance of trial counsel claim. We disagree.
 

 An MAR is properly denied when "[t]he ground or issue underlying the motion was previously determined on the merits upon an appeal from the judgment or upon a previous motion or proceeding in the courts of this State[.] ..." N.C. Gen. Stat. § 15A-1419(a)(2) (2017). Because this Court on direct appeal in
 
 Hyman II
 
 addressed the merits and rejected the Smallwood dual-representation-conflict claim,
 
 Hyman II
 
 , at *5-6, the trial court properly concluded that component of defendant's ineffective assistance of trial counsel claim had been defaulted under N.C. Gen. Stat. § 15A-1419(a)(2) 's procedural bar on successive postconviction relief challenges. We thus overrule defendant's first two challenges to the trial court's conclusions.
 

 C. Warmack Dual-Representation Remand Counsel Conflict Claim
 

 Nonetheless, defendant essentially argues any procedural default of the Smallwood dual-representation-conflict claim should be excused because he received ineffective assistance of counsel at the evidentiary remand hearing ordered on that claim. He argues Warmack provided him ineffective assistance of remand counsel because Warmack himself had a dual-representation conflict arising from having previously represented co-defendant Swain. We disagree.
 

 1. Procedural Bars
 

 As an initial matter, defendant argues the trial court erred by concluding the Warmack dual-representation-conflict claim was barred under N.C. Gen. Stat. § 15A-1419(a)(3) because he failed to raise it on appeal in
 
 Hyman II
 
 . To the extent we agree this claim was procedurally barred on that basis, defendant argues he received ineffective assistance of appellate counsel because his attorney failed to raise it on appeal in
 
 Hyman II
 
 . Defendant also argues the trial court erred by concluding he waived Warmack's potential conflict at the remand hearing.
 

 An MAR is properly denied if "[u]pon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so."
 

 *317
 
 N.C. Gen. Stat. § 15A-1419(a)(3) (2017). This procedural bar " 'is not a general rule that any claim not brought on direct appeal is forfeited on state collateral review' and requires the reviewing court, instead, 'to determine whether the particular claim at issue could have been brought on direct review.' "
 
 Hyman
 
 , --- N.C. at ----,
 
 817 S.E.2d at 170
 
 (quoting
 
 State v. Fair
 
 ,
 
 354 N.C. 131
 
 , 166,
 
 557 S.E.2d 500
 
 , 525 (2001) ). Rather, "to be subject to the procedural default specified in N.C.G.S. § 15A-1419(a)(3), the direct appeal record must have contained sufficient information to permit the reviewing court to make all the factual and legal determinations necessary to allow a proper resolution of the claim in question."
 

 Id.
 

 Here, although the direct appeal record in
 
 Hyman II
 
 contained the 2005 remand hearing transcript disclosing Warmack's potential conflict,
 
 see
 

 West v. G. D. Reddick, Inc.
 
 ,
 
 302 N.C. 201
 
 , 202-03,
 
 274 S.E.2d 221
 
 , 223 (1981) ("[A] court may take judicial notice of its own records in another interrelated proceeding where the parties are the same, the issues are the same and the interrelated case is referred to in the case under consideration." (citations omitted) ), the only information on that potential conflict was reflected in the following relevant exchange:
 

 THE COURT: ... I discussed this matter with the prosecution ... and we decided
 
 *152
 
 in the best interest of all that [defendant] have a new attorney appointed to represent him at this hearing and I decided to appoint Mr. Warmack....
 

 Do you have any objection to handling this case, Mr. Warmack?
 

 MR. WARMACK: No, sir, Your Honor. I think for the record, after I received the phone call last week
 
 since I did have some other involvement in the case I contacted the State bar and determined there would be no conflict there.
 
 And then I talked to [defendant] this morning or just a few minutes ago and came in and explained the situation and told him that if he had any problems with it this would be the time.
 

 THE COURT: Do you have any objection to Mr. Warmack representing you, [defendant]?
 

 THE DEFENDANT: No.
 

 THE COURT: All right, very well. I'm going to appoint Mr. Warmack to represent [defendant] at [the remand] hearing.
 

 *318
 
 (Emphasis added.) No other information in the 2005 remand hearing transcript explained the nature or extent of Warmack's potential conflict, which was later developed at the 2013 evidentiary MAR hearing.
 

 Thus, we conclude that "defendant was not in a position to adequately raise [this] ineffective assistance of counsel claim asserted in his [MAR] on direct appeal" in
 
 Hyman II
 
 .
 
 Hyman
 
 , --- N.C. at ----,
 
 817 S.E.2d at 170
 
 . Accordingly, the trial court erred by concluding defendant was procedurally barred by N.C. Gen. Stat. § 15A-1419(a)(3) from raising Warmack's dual-representation conflict as grounds to support his MAR. Because counsel's failure to raise this claim on appeal in
 
 Hyman II
 
 did not operate as a procedural bar, we overrule defendant's related claim that he received ineffective assistance of appellate counsel on that basis. Additionally, because the above exchange was insufficient to establish defendant knowingly, intelligently, and voluntarily waived Warmack's potential conflict at the remand hearing, we hold the trial court erred by concluding otherwise.
 
 See, e.g.
 
 ,
 
 State v. Choudhry
 
 ,
 
 365 N.C. 215
 
 , 223,
 
 717 S.E.2d 348
 
 , 354 (2011) ("[A] trial court may not rely solely on representations of counsel to find that a defendant understands the nature of a conflict[.] ...").
 

 Accordingly, we agree with defendant's third and fourth challenges to the trial court's conclusions that he either waived or was procedurally barred from raising Warmack's dual-representation conflict, which renders irrelevant defendant's sixth challenge to the conclusion as to his ineffective assistance of appellate counsel claim. We turn now to the merits of defendant's fifth challenge to the trial court's conclusions-that is, Warmack provided him effective assistance of counsel at the remand hearing on the Smallwood dual-representation-conflict component of his ineffective assistance of trial counsel claim.
 

 2. Merits
 

 Defendant argues the trial court erred by concluding Warmack provided him effective assistance of counsel at the remand hearing because Warmack had a dual-representation conflict arising from his prior representation of Swain. We disagree.
 

 " 'A defendant who seeks relief by motion for appropriate relief must show the existence of the asserted grounds for relief,' with 'the moving party ha[ving] the burden of proving by a preponderance of the evidence every fact essential to support the motion[.]' "
 
 Hyman
 
 , --- N.C. at ----,
 
 817 S.E.2d at 172
 
 (quoting N.C. Gen. Stat. § 15A-1420(c)(6) (2017), and then
 

 id.
 

 § 15A-1420(c)(5) (2017) ). "When issues involving successive or simultaneous representation of clients in related matters have arisen
 
 *319
 
 before this Court, we have applied the
 
 Sullivan
 
 analysis rather than the
 
 Strickland
 
 framework to resolve resulting claims of ineffective assistance of counsel."
 
 State v. Phillips
 
 ,
 
 365 N.C. 103
 
 , 120-21,
 
 711 S.E.2d 122
 
 , 137 (2011) (citations omitted). To obtain relief under
 
 Sullivan
 
 , "a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."
 
 State v. Bruton
 
 ,
 
 344 N.C. 381
 
 , 391,
 
 474 S.E.2d 336
 
 , 343 (1996) (quoting
 
 Cuyler v. Sullivan
 
 ,
 
 446 U.S. 335
 
 , 348,
 
 100 S.Ct. 1708
 
 , 1718,
 
 64 L.Ed.2d 333
 
 , 346-47 (1980) ; other citation omitted).
 
 *153
 
 Here, the trial court issued the following relevant findings and conclusions concerning the Warmack dual-representation-conflict claim:
 

 2. Prior to the 2005 remand hearing, Defendant's attorney, Mr. Warmack, informed the undersigned that he had made Defendant aware of a potential conflict of interest. Mr. Warmack also informed the undersigned that given he had some other involvement in the case, he had contacted the North Carolina State Bar, and based upon his conversation with the North Carolina State Bar, he determined there would be no conflict. The undersigned asked Defendant whether he had any objection to Mr. Warmack representing him, and Defendant responded in the negative.
 

 3. ... [O]n May 16, 2001, Mr. Warmack was appointed to represent Telly Swain, who like Defendant was charged with the first-degree murder of Bennett.... In Swain's case, Mr. Warmack filed ... an
 
 Enmund-Tison
 
 motion.... Mr. Warmack noted that he had information indicating Swain was not the person who shot Bennett.... Mr. Warmack argued in the
 
 Enmund-Tison
 
 motion that Defendant, not Swain, shot Bennett.
 

 4. ... [I]n connection with the first-degree murder charge, Swain pled guilty to felony riot and assault inflicting serious bodily injury on June 2, 2003. Swain's plea agreement specified that he was to give truthful testimony if called to testify against any of his codefendants. As such, Swain's judgment was continued until prayed for by the State. Mr. Warmack testified at the MAR evidentiary hearing that he encouraged Swain to give a statement to law enforcement. Swain did so and, therein, identified Defendant as the person who shot Bennett. However, Mr. Warmack did not expect the State to call Swain as a witness, given his
 
 *320
 
 criminal record. Mr. Warmack specifically testified that he thought the State calling Swain was at best a "remote possibility" that would happen only if the State's case fell apart. Swain did not testify at Defendant's trial. The Superior Court, Bertie County, entered judgment against Swain on October 6, 2003[.] ...
 

 5. At the MAR evidentiary hearing, Mr. Warmack testified that on September 30, 2005, District Attorney Asbell asked him if he would represent Defendant in a matter that had been remanded by the North Carolina Court of Appeals as to an evidentiary issue concerning Ms. Smallwood's representation of Defendant. Mr. Warmack expressed concern to District Attorney Asbell about representing Defendant, given that he had previously represented one of his codefendants, Swain. Mr. Warmack called the North Carolina State Bar and explained to personnel at the Bar that District Attorney Asbell wanted him to represent Defendant at an evidentiary hearing for the purpose of resolving the very specific issue for which the Court of Appeals remanded the case. According to Mr. Warmack, the North Carolina State Bar informed him that as long as the remand hearing was limited to what he articulated the issue to be, there did not appear to be a conflict.
 

 6. Mr. Warmack testified at the MAR evidentiary hearing that it was his understanding from the Court of Appeals' opinion [in
 
 Hyman I
 
 ] that there was no evidence in the record regarding Ms. Smallwood's prior representation of Speller. Nor was there information as to whether or not that representation affected Ms. Smallwood's representation of Defendant. As such, Mr. Warmack believed that the scope of the remand hearing was limited to a determination of whether an actual conflict of interest adversely affected Ms. Smallwood's representation of Defendant. It was Mr. Warmack's belief that if he was to present evidence beyond what he understood the limited scope of the remand hearing to be, including probing the substance of Ms. Smallwood's alleged conversation with Speller, he would have had a conflict based upon his prior representation of Swain.
 

 ....
 

 *321
 
 9. Mr. Warmack testified that nothing about his representation of Defendant at the remand hearing had anything to do with Swain and that he would not have
 
 *154
 
 conducted the remand hearing any differently if he had not previously represented Swain.
 

 ....
 

 6. ... Defendant has not presented any evidence at the MAR evidentiary hearing to establish that Mr. Warmack was engaged in an actual conflict of interest when representing Defendant at the remand hearing which adversely affected Mr. Warmack's representation. Any competing interests between Mr. Warmack's former client, Swain, and his client at the remand hearing, Defendant, were minimal, given the limited scope of the remand hearing. Moreover, the conflict of interest was only a potential one, given that Swain was at best a potential witness at any retrial. This is true, particularly considering Swain did not testify at Defendant's original trial. Also, it is notable that Mr. Warmack was of the opinion that the State would not have called Swain at Defendant's trial because of his criminal record.
 

 7. Even assuming an actual conflict existed, there was no adverse effect on counsel's representation. Defendant presented no evidence that Mr. Warmack's representation of Defendant was in any way influenced by his prior representation of Swain. Mr. Warmack's understanding of the remand hearing was that it had a very limited scope. The attorney conformed his performance in consideration of that scope, not in consideration of the interests of his former client. In fact, Mr. Warmack testified at the MAR evidentiary hearing that he would not have conducted the remand hearing any differently if he had not previously represented Swain.
 

 We conclude the trial court's unchallenged findings supported its conclusion that defendant failed to establish he received ineffective assistance of remand counsel arising from Warmack's alleged dual-representation conflict. Particularly, the trial court's binding findings-that "Defendant presented no evidence that Mr. Warmack's representation of Defendant was in any way influenced by his prior representation of Swain" and that Warmack "conformed his performance in consideration
 
 *322
 
 of [his understanding of the very limited] scope [of the remand hearing], not in consideration of the interests of his former client[,]" Swain-supported its conclusion that, even if Warmack had an actual dual-representation conflict, defendant failed to satisfy his burden of establishing that conflict "adversely affected [Warmack's] performance."
 
 Bruton
 
 ,
 
 344 N.C. at 391
 
 ,
 
 474 S.E.2d at 343
 
 (quoting
 
 Sullivan
 
 ,
 
 446 U.S. at 348
 
 ,
 
 100 S.Ct. at 1718
 
 ,
 
 64 L.Ed.2d at
 
 346-47 ). We therefore overrule defendant's fifth challenge to the trial court's conclusions concerning the merits of the Warmack dual-representation-conflict claim. Accordingly, the trial court properly denied defendant's MAR on the asserted ground that Warmack provided him ineffective assistance of counsel at the remand hearing on the Smallwood dual-representation-conflict component of his ineffective assistance of trial counsel claim because Warmack himself had a dual-representation conflict.
 

 IV. Conclusion
 

 Defendant's remaining challenges to the trial court's denial of his MAR, which were remanded for our consideration, concerned only the dual-representation-conflict components of his ineffective assistance of counsel claims. Because this Court on direct appeal in
 
 Hyman II
 
 addressed the merits of and rejected the Smallwood dual-representation-conflict component of defendant's ineffective assistance of trial counsel claim, the trial court properly concluded defendant was procedurally barred by N.C. Gen. Stat. § 15A-1419(a)(2) from reasserting that claim to support his MAR.
 

 Because the appellate record in
 
 Hyman II
 
 had not been sufficiently developed for defendant to adequately raise the Warmack dual-representation remand counsel conflict claim, the trial court improperly concluded defendant was procedurally barred by N.C. Gen. Stat. § 15A-1419(a)(3) from raising that claim to support his MAR. Accordingly, we overrule defendant's related argument that he received ineffective assistance of appellate counsel based upon his attorney's failure to raise that claim on appeal in
 
 Hyman II
 
 . However, because the trial court's unchallenged findings supported its conclusion that defendant failed to satisfy his burden of establishing
 
 *155
 
 Warmack's prior representation of Swain adversely affected his representation of defendant at the remand hearing, the trial court properly denied defendant's MAR on that basis.
 

 In summary, because the trial court properly concluded N.C. Gen. Stat. § 15A-1419(a)(2) 's procedural bar defaulted the Smallwood dual-representation-conflict component of defendant's ineffective assistance of trial counsel claim, and its findings supported its conclusion
 
 *323
 
 that defendant failed to establish he received ineffective assistance of remand counsel based upon Warmack's alleged dual-representation conflict, the trial court properly denied defendant's MAR as to the dual-representation-conflict components of his ineffective assistance of counsel claims. Therefore, after our "consideration of defendant's remaining challenges to the trial court's order denying his [MAR],"
 
 Hyman
 
 , --- N.C. at ----,
 
 817 S.E.2d at 159
 
 , we affirm the trial court's order.
 

 AFFIRMED.
 

 Judges HUNTER, JR. and DILLON concur.