IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-629

No. COA21-749

Filed 20 September 2022

New Hanover County, Nos. 18 CRS 058548, 058553

STATE OF NORTH CAROLINA

v.

ERIC JAMES FAUCETTE, Defendant.

Appeal by Defendant from judgments entered 19 February 2021 by Judge Richard Kent Harrell in the New Hanover County Superior Court. Heard in the Court of Appeals on 25 May 2022.

*Attorney General Joshua H. Stein, by Assistant Attorney General Asher P. Spiller, for the State.*

*William D. Spence for defendant-appellant.*

MURPHY, Judge.

Defendant Eric James Faucette appeals the trial court's denial of his motion to dismiss a charge of identity theft based on the sufficiency of the evidence. Defendant has several theories as to why there was insufficient evidence presented at trial to support his conviction under N.C.G.S. § 14-113.20, but we need not reach the merits of those arguments as the State concedes that "there was insufficient evidence presented at trial showing that Defendant knowingly used identifying information of another person living or dead within the meaning of the identity theft

statute." As we agree with both parties that there was insufficient evidence showing that Defendant intended to fraudulently represent that he was any actual person living or dead, the trial court erred in denying Defendant's motion to dismiss. We therefore vacate Defendant's conviction.

## BACKGROUND

On 7 November 2018, Curtis Frashure received a phone call regarding a disturbance at a trailer he owned. Frashure was told that Defendant, a former tenant of Frashure, was destroying the trailer, tearing holes in the wall, and tearing doors down. Frashure had previously told Defendant that he was no longer permitted to live in the trailer. Upon receiving the phone call, Frashure contacted his friend James Hinson, who lived across the street, and asked Hinson to find out what was going on at his trailer. Frashure then called 911 to report the disturbance.

After speaking with Frashure, Hinson and Mary Baisden, Hinson's fiancé, walked over to Frashure's home, where they observed Defendant picking through a trashcan. Hinson told Defendant that he was not supposed to be there, that Frashure had told Defendant to leave, and that Defendant would need to go. Without giving any verbal response, Defendant stepped away from the trashcan and struck Hinson in the head with a machete. Hinson then sought to disarm Defendant by punching him but was not successful.

¶ 4        During their encounter, Hinson was hit with the machete multiple times. Baisden eventually led Hinson back to their trailer, where they called 911. Hinson was then taken to New Hanover Regional Medical Center where he received stitches and staples on the lacerations on his head. In addition to scarring, the assault left Hinson with recurring headaches, which still recurred at the time of trial.

¶ 5        After the assault, Defendant fled and eventually checked himself into New Hanover Regional Medical Center. Defendant told hospital personnel that his name was David Bostic and that his date of birth was 24 September 1972. Defendant eventually left the hospital, apparently without receiving medical services or treatment, wearing a bracelet identifying his name as David Bostic and his date of birth as 24 September 1972.

¶ 6        Later that evening, Defendant was arrested by Sergeant Joshua Bryant. At trial, Sgt. Bryant testified that he stopped Defendant after observing him riding a bicycle without the required safety equipment. Sgt. Bryant observed what appeared to be blood on Defendant's clothes. He also recognized Defendant from a picture that had been texted to him by another officer. Defendant began talking about the incident and, while speaking to Sgt. Bryant, stated that he "went into the hospital under another person's name."

¶ 7        On 18 February 2019, Defendant was indicted on charges of assault with a deadly weapon inflicting serious injury and identity theft. At trial, with respect to the

identity theft charge, the State argued that Defendant gave the hospital false information because he had an outstanding charge for failing to appear in court. The State introduced and published a video recording of an interview of Defendant conducted by John Carpenter, a former detective of the New Hanover County Sherriff's Office. During Defendant's interview, Defendant stated that he gave the false name to the hospital because he had a failure to appear. He further stated, in reference to giving the false information to the hospital, "[t]his is just me protecting myself from not [sic] having to go to jail." Defendant further indicated that the information he provided to the hospital did not belong to a real person. Defendant stated that he thought he could just be "John Doe" at the hospital, and "that's all it was." He also stated, in reference to the false name and birthdate, "that person doesn't even exist."

¶ 8        At trial, the wristband that Defendant obtained upon being admitted at the hospital was also introduced into evidence. The name on the wristband was "David Bostic," and the birthdate on the wristband was 24 September 1972. Carpenter testified that he contacted a man named David Bostic who verified that he did not visit the hospital on 7 November 2018. The State then called David Bostic himself, who testified he lived in Pender County,[1] did not visit New Hanover Regional Medical

---

[1] We take judicial notice that Pender and New Hanover are adjoining counties. *See Lineberger v. N.C. Dep't of Corr.*, 189 N.C. App. 1, 6, 657 S.E.2d 673, 677 (quoting *West v. G.D. Reddick, Inc.*, 302 N.C. 201, 203, 274 S.E.2d 221, 223 (1981)) ("Appellate courts may

Center on 7 November 2018, did not know Defendant, and had never given Defendant permission to use his identity. He also testified that his date of birth was 28 May 1975.

¶ 9       At the close of the State's evidence, Defendant made a motion to dismiss the charge of identity theft based on the sufficiency of the evidence. Defendant's motion was denied. Subsequently, Defendant renewed his motion to dismiss at the close of all evidence, which was again denied. Defendant timely appealed.

## ANALYSIS

¶ 10       The sole issue on appeal is whether the trial court erred in failing to dismiss the charge of identity theft at the close of all evidence on the ground that the evidence was insufficient to establish every element of the crime pursuant to N.C.G.S. § 15A-1227. *See generally* N.C.G.S. § 15A-1227 (2021). Defendant argues that the evidence presented was not sufficient to convince a rational trier of fact to find each element of this charge beyond a reasonable doubt and, therefore, the trial court should not have allowed this charge to go to the jury. The State concedes that this argument is correct, and we agree.

---

take judicial notice *ex mero motu* on 'any occasion where the existence of a particular fact is important . . . .' [Facts subject to judicial notice are those] which are either so notoriously true as not to be the subject of reasonable dispute or 'capable of demonstration by readily accessible sources of indisputable accuracy' . . . ."), *aff'd per curiam in part, disc. rev. improvidently allowed in part*, 362 N.C. 675, 669 S.E. 2d 320 (2008).

¶ 11        "We review the trial court's denial of a motion to dismiss *de novo*." *State v. Sanders*, 208 N.C. App. 142, 144, 701 S.E.2d 380, 382 (2010). "This Court, under a *de novo* standard of review, considers the matter anew and freely substitutes its own judgment for that of the trial court." *Id.* (citing *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008)).

> A defendant's motion to dismiss should be denied if there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. When ruling on a motion to dismiss, the trial court must view the evidence in the light most favorable to the State, making all reasonable inferences from the evidence in favor of the State. The trial court in considering such motions is concerned only with the sufficiency of the evidence to carry the case to the jury and not with its weight. Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal.

*Id.* at 144-45, 701 S.E.2d at 382-83 (marks and citations omitted).

¶ 12        N.C.G.S. § 14-113.20 provides, in pertinent part, that identity theft exists when "[a] person . . . knowingly obtains, possesses, or uses identifying information of another person, living or dead, *with the intent to fraudulently represent that the person is the other person* . . . for the purpose of avoiding legal consequences[.]" N.C.G.S. § 14-113.20(a) (2021) (emphasis added). N.C.G.S. § 14-113.20(b) further provides a non-exclusive list of information that constitutes "identifying information"

within the meaning of the statute. *See* N.C.G.S. § 14-113.20(b) (2021); *State v. Miles*, 267 N.C. App. 78, 89, 833 S.E.2d 27, 34 (2019), *disc. rev. denied*, 373 N.C. 588, 837 S.E.2d 891 (2020).

¶ 13 This Court has determined that another person's actual name, date of birth, and address may constitute forms of identifying information under N.C.G.S. § 14-113.20(b). *See Miles*, 267 N.C. App. at 89, 833 S.E.2d at 34. In *State v. Miles,* the defendant went to Duke Regional Hospital to receive treatment for gunshot wounds after fleeing from an assault with a deadly weapon. *Id.* at 80-81, 833 S.E.2d at 29-30. Upon arrival, the defendant gave the hospital the actual name, date of birth, and address of another person, Jerel Thompson. *Id.* On these facts, we found that a name, date of birth, and address of another person are "possible forms of identifying information where a defendant, like [the] defendant in the instant case, uses the information for the purposes of escaping arrest or other legal consequences and possibly to receive hospital services for his injuries." *Id.* at 89, 833 S.E.2d at 34.

¶ 14 Here, however, there was no evidence presented that an actual person matched the identifying information on Defendant's hospital wristband: David Bostic, born on 24 September 1972. And Defendant did not give the hospital an address. While the State's evidence, taken in the light most favorable to it, indicated that Defendant gave the false name of David Bostic and a false birthdate to hospital personnel and further showed that he did so for the purpose of avoiding arrest for a failure to appear,

there was no evidence presented at trial to connect Defendant's use of this information with an actual person, living or dead. The individual named David Bostic who testified at trial did not have the same birthdate the State's evidence suggested Defendant provided the hospital, and the remaining evidence presented at trial does not indicate that anyone could have used the information given by Defendant to identify any real person.

¶ 15       Therefore, under the facts of this case and a plain reading of the statute, there was insufficient evidence at trial to show that Defendant "knowingly . . . use[d] identifying information of another person, living or dead, with the intent to fraudulently represent that [Defendant was] the other person" within the meaning of N.C.G.S. § 14-113.20(a). N.C.G.S. § 14-113.20(a) (2021).

## **CONCLUSION**

¶ 16       There was insufficient evidence at trial to show that Defendant intended to fraudulently represent he was the David Bostic who testified at trial or that Defendant used the identifying information of any other actual person, living or dead. Accordingly, the trial court erred in denying Defendant's motion to dismiss, and his conviction for identity theft under N.C.G.S. § 14-113.20(a) is vacated.[2]

---

[2] We note that, because Defendant's sentence for the identify theft conviction was to be served concurrently with an equivalent term of imprisonment for the assault conviction, which Defendant did not challenge on appeal, vacatur of the identify theft conviction does not necessitate a new sentencing hearing.

VACATED.

Judges ARROWOOD and CARPENTER concur.